Jeffrey I. Carton
Jerome Noll
John B. Dawson
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,                                    07 Civ. 6123(DC)


                        Plaintiff,

        -against-

CIRCUIT CITY STORES, INC.,

                        Defendant
------------------------------------------------------------------X


## PLAINTIFF ADA ALICEA'S
## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR REMAND




MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ, P.C.
Attorneys for Plaintiff Ada Alicea
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................. ii

PRELIMINARY STATEMENT ........................................................ 6

STATEMENT OF FACTS ................................................................ 7

ARGUMENT ..................................................................................... 6

I.  DEFENDANT CANNOT SUSTAIN ITS BURDEN OF DEMONSTRATING
    THE PROPRIETY OF REMOVAL TO THIS COURT ........................ 6

    A.  The Interplay Between Removal and CAFA ............................ 6

    B.  Contrary To Defendant's Argument, CAFA Did Not Alter The
        Longstanding Presumption Against Removal Jurisdiction ........ 7

    C.  Defendant Has Failed To Demonstrate That This Court Has Subject
        Matter Jurisdiction Over This Action ........................................ 10

        1.  Defendant Has Failed To Proffer Competent Proof That
            The Amount-In-Controversy Requirement Under CAFA
            Has Been Satisfied ........................................................... 11

II. AN AWARD OF ATTORNEYS' FEES IS WARRANTED ................ 14

CONCLUSION ................................................................................ 13

## **TABLE OF AUTHORITIES**

*Abrego Abrego v. Dow Chem. Co.*,
443 F.3d 676, 686 (9th Cir. 2006) .................................................. 10

*Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) .................. 10, 11

*Brill v. Countrywide Home Loans, Inc.*,
427 F.3d 446, 448 (7th Cir. 2005) .................................................. 10

*DiTolla v. Doral Dental IPA of New York, LLC*,
469 F.3d 271, 275 (2d Cir. 2006) .................................................... 9

*Fed. Ins. Co. v. Tyco Int'l, Ltd.*,
422 F.Supp. 2d 357, 367 (S.D.N.Y. 2006) ............................................ 6

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 597 (2004) ............ 14

*Harrisville v. Home Ins. Co.*,
129 F. Supp. 300, 302-303 (S.D.N.Y. 1954) .......................................... 8

*In re Estate of Pew*, No. 05-1317, 2006 U.S. Dist.
LEXIS 89025, at *10 (N.D.N.Y. Dec. 6, 2006) ....................................... 11

*In re Methyl Tertiary Butyl Ether Products Liability Litigation*,
No. 00-1898, 2006 U.S. Dist. LEXIS 20575,
at *7, *35 (S.D.N.Y. April 19, 2006)(Scheindlin, J.) ............................... 8

*Irving v. Allstate Indem. Co.*,
97 F. Supp.2d 653, 656 (E.D. Pa. 2000) ......................................... 6, 13

*Jerro v. Home Lines, Inc.*, 377 F. Supp. 670, 672 (S.D.N.Y. 1974) .................. 8

*Johnson-Kamara v. W. Chacon Trucking*,
No. 05-9900, 2006 U.S. Dist. LEXIS 5487,
at *7 (S.D.N.Y. Feb. 9, 2006) ..................................................... 12

*Keene Corp. V. U.S.*, 508 U.S. 200, 207 (1993) .................................... 7

*Kuperstein v. Hoffman-La Roche, Inc.*,
457 F.Supp.2d 467, 472 (S.D.N.Y. 2006) ............................................ 14

*Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ................ 8

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) .................................... 14

*Mattera v. Clear Channel Communications, Inc.*,
239 F.R.D. 70, 78 (S.D.N.Y. 2006)(Chin, J.) ............................................................. 11

*Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006) ....................... 10

*Morgan Guar. Trust Co. of New York, v. Republic of Palau*,
971 F.2d 917, 924 (2d Cir. 1992) ............................................................................. 14

*Oklahoma Tax Comm'n. v. Graham*, 489 U.S. 838, 840 (1989) ................................. 7

*Paduano & Weintraub LLP et al. v. Wachovia Securities*,
185 F.Supp.2d 330, 332 (S.D.N.Y. 2002) ................................................................. 15

*Paduano & Weintraub LLP v. Wachovia Securities*,
185 F.Supp.2d 330, 332 (S.D.N.Y. 2002) ................................................................... 8

*Pollock v. Trustmark Ins. Co.*,
367 F.Supp.2d 293, 297 (E.D.N.Y. 2005) ................................................................. 11

*Richard v. Nat'l City Bank*, 6 F.Supp. 156, 158 (S.D.N.Y. 1934) ................................ 8

*Rodgers v. Central Locating Service, Ltd.*,
412 F.Supp.2d 1171, 1176 (W.D. Wash. 2006) ......................................................... 8

*Senterfitt v. Suntrust Mortgage, Inc.*,
385 F.Supp.2d 1377, 1382-83 (S.D. Ga. 2005) ....................................................... 13

*Wrightsville Hardware Co. v. Hardware & Woodenware Mfg. Co.*,
180 F. 586, 588-89 (C.C.S.D.N.Y. 1910) ................................................................... 8

**Statutes**

New York General Business Law § 349 ....................................................................... 5

28 U.S.C. § 1332 ........................................................................................................ 12

28 U.S.C. § 1441 .......................................................................................................... 7

28 U.S.C. § 1447 .......................................................................................................... 8

28 U.S.C. §§ 1446 ........................................................................................................ 5

28 U.S.C. §§ 1453 ........................................................................................................ 5

**PRELIMINARY STATEMENT**

This Court is without subject matter jurisdiction to preside over this case Plaintiff Ada Alicea's ("Plaintiff") complaint does not assert the amount in controversy, nor could she as such information is uniquely within Defendant Circuit City Stores, Inc's. ("Defendant") control. Nevertheless, Defendant seeks to confer federal subject matter jurisdiction over the dispute under 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), without proffering any competent proof by which to sustain its burden of demonstrating that Plaintiff's claims exceed the $5 million amount-in-controversy requirement under CAFA.

Instead, Defendant relies upon (1) its own unsupported, conclusory assertions of jurisdiction, and (2) excerpts from CAFA's legislative history, namely, a Senate Committee Report endorsed by only 13 U.S. Senators *after* the legislation had been enacted, which suggests that CAFA should be broadly read. Moreover, Defendant boldly asks this Court to hold that this Senate Report somehow overturned the long-standing rule of American jurisprudence that all doubts regarding the propriety of removal should be resolved in favor of remand Such "evidence" is insufficient, and Defendant's failure to carry its burden of proof with respect to this Court's jurisdiction is fatal to its removal. Accordingly, Plaintiff's motion to remand this action to state court should be granted and the matter should be returned to and permitted to proceed in the venue in which it was commenced.

## STATEMENT OF FACTS[1]

This action arises out of Defendant's deceptive business practice concerning its return policy and imposition of an undisclosed "restocking fee" in the amount of 15% of the purchase price of certain returned items. On or around May 8, 2007, Plaintiff selected and purchased a JVC camcorder and a blank VCR tape from one of Defendant's stores located in the Bronx, New York. The next day, on or around May 9, 2007, Plaintiff returned the camcorder in an opened box. Upon Plaintiff's return of the camcorder, Defendant charged Plaintiff a $35.62 restocking fee.

The actual cost to restock Plaintiff's camcorder, however, was not $35.62. Upon information and belief, the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price. Indeed, the restocking fee does not bear a reasonable relationship to the cost incurred by Defendant as a result of the product being restocked. Rather, it is an arbitrary penalty imposed upon unsuspecting customers to create an additional revenue stream for the company. Notably, other major retailers, such as Wal-Mart and Staples, do not charge a restocking fee, or any other fees, when customers return purchases.

Moreover, Defendant failed to provide Plaintiff or any other customer with adequate notice regarding the restocking fee. Upon Plaintiff's purchase of the camcorder, she was handed a receipt. The back side of the receipt contains Defendant's return guarantee policy: "[i]f you're not completely satisfied with a product,

---

[1] The facts are taken from the allegations in Plaintiff's complaint, a copy of which is attached as Exhibit A to the accompanying Affidavit of John B. Dawson, dated July 27, 2007 (the "Dawson Aff.")

2

Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below." The terms of Defendant's return guarantee policy included the 15% restocking fee, which is imposed in the event that certain enumerated items, including camcorders, are returned: (1) "opened", or (2) "in a non-factory sealed box." Defendant failed to apprise Plaintiff of its return guarantee policy and 15% restocking fee until the time she was handed the receipt evidencing her purchase.

On May 23, 2007, Plaintiff filed a Summons and Class Action Complaint (the "complaint") in the Supreme Court of the State of New York, County of Bronx. The complaint did not allege the amount of damages in controversy. Defendant received a copy of the complaint on May 29, 2007, and by agreement of the parties, Defendant was deemed to have been served as of June 11, 2007. On June 29, 2007, Defendant filed a Notice of Removal of the action to the United States District Court, Southern District of New York (the "Notice of Removal"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the purported grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (A copy of the Notice of Removal is annexed to the Dawson Aff. as Ex. B) Defendant alleged in the Notice of Removal that, "[t]his case is subject to removal pursuant to the Class Action Fairness Act of 2005." (See Notice of Removal, ¶ 7.)

In support of its argument that CAFA's $5 million amount-in-controversy requirement had been satisfied, Defendant cited to ¶ 27(a) of the complaint, which alleges that "the class Consists of tens of thousands of persons" who were charged a 15% restocking fee (see Notice of Removal, ¶¶ 10, 14). The Notice of Removal also noted that the complaint alleged, "four separate claims: violation of New York General Business Law § 349, unjust enrichment, breach of contract and injunctive relief . . . [for

3

which] Plaintiff seeks several forms of relief, including: compensatory damages, injunctive relief, attorneys' fees, prejudgment interest, and 'such other and further relief as the Court deems just and proper.'" (See Notice of Removal, ¶ 15). However, despite the absence of any stated sum of damages on the face of the complaint, Defendant argued that because the individual class members' claims are aggregated to determine whether the amount in controversy exceeds the sum or value of $5 million, "plaintiff's claim easily meets the jurisdictional threshold, particularly given that CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction." (See Notice of Removal, ¶ 16). In support of this argument, Defendant cited to excerpts of Senate Report 109-14, dated February 28, 2005. (See Notice of Removal, ¶ 16).

Because, as set forth below, Defendant has failed to provide the requisite "competent proof" necessary to discharge its burden of proving that it appears to a "reasonable probability" that the aggregate claims of the Plaintiff class are in excess of $5 million, Defendant cannot satisfy its burden of demonstrating the propriety for removal pursuant to CAFA

## ARGUMENT

### I.

### DEFENDANT CANNOT SUSTAIN ITS BURDEN OF DEMONSTRATING THE PROPRIETY OF REMOVAL TO THIS COURT

A.   The Interplay Between Removal and CAFA

The right of a party to remove a case from state to federal court is a purely statutory right, and is dependent on the will of Congress. *Fed Ins. Co. v. Tyco Int'l, Ltd.*, 422 F Supp. 2d 357, 367 (S.D.N.Y. 2006)(citation omitted). Removal jurisdiction exists

4

in a particular case only when that jurisdiction is expressly conferred on the courts by Congress. *Id.* (citation omitted).

Under 28 U.S.C. § 1441, a defendant in a civil action brought in state court can remove the action to federal court if the action could have been brought in the federal forum in the first instance. *See Oklahoma Tax Comm'n. v. Graham*, 489 U.S. 838, 840 (1989). On the other hand, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Federal courts are courts of limited jurisdiction. *See Keene Corp. V. U.S.*, 508 U.S. 200, 207 (1993). CAFA amended diversity jurisdiction requirements by vesting jurisdiction in the federal courts over class actions in which (1) minimal diversity exists, (2) the minimum number of putative class members exceeds 100, and (3) the matter in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). Under CAFA's amendments to the diversity statute, the federal court lacks original jurisdiction over any action in which the matter in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Neither minimal diversity nor CAFA's numerosity requirement are at issue here. At issue on this motion is whether the minimum amount-in-controversy requirement in 28 U.S.C. § 1332(d)(2) is satisfied.

B    Contrary To Defendant's Argument, CAFA Did Not Alter The Longstanding Presumption Against Removal Jurisdiction.

It is well settled that removal statutes are strictly construed such that all doubts should be resolved against removability. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)(holding that because of "the importance of preserving the

5

independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability"); *see also, In re Methyl Tertiary Butyl Ether Products Liability Litigation*, No. 00-1898, 2006 U.S. Dist. LEXIS 20575, at *7, *35 (S.D.N.Y. April 19, 2006)(Scheindlin, J.)(holding CAFA did not apply and remanding case to state court) Indeed, there is a long-standing presumption in this Court that when the right to remove is doubtful, the doubt is resolved in favor of a remand. Wrightsville Hardware Co. v. Hardware & Woodenware Mfg. Co.,180 F. 586, 588-89 (C.C.S.D.N.Y. 1910); *Richard v. Nat'l. City Bank*, 6 F.Supp. 156, 158 (S.D.N.Y. 1934); *Harrisville v. Home Ins. Co*, 129 F. Supp. 300, 302-303 (S.D.N.Y. 1954)("[t]he presumption is against jurisdiction in this court in every case. The party alleging jurisdiction of this court must clearly establish it. If right of removal is in doubt jurisdiction ... should be denied."); *Jerro v. Home Lines, Inc.*, 377 F. Supp. 670, 672 (S.D.N.Y. 1974)("[s]ince the burden of proof is upon the defendant to sustain jurisdiction, where the court is in doubt, the motion to remand should be granted")(internal citations omitted).[2] As such, it if appears that the district court lacks subject matter jurisdiction, the case should be remanded pursuant to 28 U.S.C. § 1447. *See Paduano & Weintraub LLP v. Wachovia Securities*, 185 F.Supp.2d 330, 332 (S.D.N.Y. 2002)(ordering remand where defendant failed to establish that plaintiff's claims met amount-in-controversy threshold for diversity jurisdiction).

Despite the universal acceptance and application of this presumption against

---

[2] The presumption against removability is a fundamental precept of American jurisprudence. As noted by one court, there is a "uniform body of precedent applying a clear presumption against removal" in every federal circuit *Rodgers v. Central Locating Service, Ltd.*, 412 F.Supp.2d 1171, 1176 (W.D. Wash. 2006).

6

removal, Defendant argues that CAFA's legislative history purportedly injects a <u>new presumption</u> in favor of removal for class actions. Defendant claims that CAFA's legislative history "makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction." (See Notice of Removal, ¶ 16) This argument is untenable.

<u>First</u>, the statute itself is completely silent with respect to the presumption against removal. The absence of any language in CAFA regarding the long-standing presumption against removal mandates a finding that the presumption still applies. *See DiTolla v. Doral Dental IPA of New York, LLC*, 469 F.3d 271, 275 (2d Cir. 2006).

In *DiTolla*, the removing defendant argued that CAFA changed the traditional rule that the party asserting federal jurisdiction bore the burden of proving that the case was properly in federal court. Noting that the statute did not contain any language regarding which party bore the responsibility for proving jurisdiction, the Second Circuit Court of Appeals held, "it would be thoroughly unsound for this Court to reject a longstanding rule absent an explicit directive from Congress . . . By its silence, we conclude that Congress chose not to alter that rule." *Id.*

Likewise, in the instant case, the statute is devoid of any language regarding the way in which doubts regarding the maintenance of federal jurisdiction should be resolved. Accordingly, the absence of any language in CAFA regarding the purported inapplicability of the longstanding presumption against removal is dispositive. *Id*

<u>Second</u>, a number of federal circuits, including the Second Circuit, have held that CAFA's legislative history is of minimal interpretive value. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006); *Brill v. Countrywide Home Loans, Inc*, 427

7

F.3d 446, 448 (7th Cir. 2005)(holding that a "declaration by 13 senators" in the form of Senate Report 109-14 did not trump the plain language of the statute); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006). In *Blockbuster*, the Second Circuit Court of Appeals noted that,

> "The Senate report was issued ten days after the enactment of the CAFA statute, which suggests that its probative value for divining legislative intent is minimal. . . To enshrine the Committee Report as law would be to ignore the Constitution's requirement of bicameralism and presentment."

*Blockbuster, Inc.*, 472 F.3d at 58. Accordingly, Defendant's reliance upon Senate Report 109-14 is misplaced, and this Court should recognize the long-standing presumption against removability.

C.   Defendant Has Failed To Demonstrate That This Court Has Subject Matter Jurisdiction Over This Action

A defendant that removes an action from state court to federal court pursuant to CAFA bears the burden of establishing subject matter jurisdiction. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)(vacating district court's denial of motion to remand class action where court failed to explain how it calculated the amount in controversy to be over $5 million CAFA requirement); *DiTolla v. Doral Dental IPA of New York, LLC*, 469 F.3d at 275 (affirming district court's ruling that defendant failed to satisfy amount in controversy).

The defendant must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million. *Blockbuster, Inc.*, 472 F.3d at 58. When a party removes an action to federal court, and such removal is challenged, the burden "falls squarely upon the removing party to establish its right to a

8

federal forum by 'competent proof'" *In re Estate of Pew*, No. 05-1317, 2006 U.S. Dist. LEXIS 89025, at *10 (N.D.N.Y. Dec. 6, 2006)(granting plaintiffs' motion to remand action to state court and holding that CAFA exception applied to deprive court of subject matter jurisdiction).

 1 **Defendant Has Failed To Proffer Competent Proof That The Amount-In-Controversy Requirement Under CAFA Has Been Satisfied**

Defendant has failed to discharge its burden with respect to this Court's subject matter jurisdiction under CAFA. Courts evaluate jurisdictional facts such as the amount in controversy on the basis of the pleadings, viewed at the time when the defendant files the notice of removal. *Blockbuster, Inc.*, 472 F.3d at 57. Notably, Plaintiff's complaint does not allege that the amount in controversy exceeds $5 million. *Cf, Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 78 (S.D.N.Y. 2006)(Chin, J.)(finding that plaintiff who filed action in federal court met her burden of proving jurisdiction under CAFA where, among other things, plaintiff's complaint alleged that the amount in controversy exceeded $5 million).

When no amount is alleged in the complaint, the court may look to the moving papers or to other evidence in the record. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp.2d 293, 297 (E.D.N.Y. 2005).

Here, Defendant has failed to provide any competent proof to support its conclusory assertion that the amount-in-controversy requirement has been satisfied. In its Notice of Removal, Defendant alleges that the case is properly removed to this Court because it "satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332," but offers not a shred of evidence to support its assertion.

Instead, Defendant offers the following:

(a) a citation to ¶ 27(a) of Plaintiff's complaint, which alleges that "the class consists of tens of thousands of persons" who were charged a 15% restocking fee (see Notice of Removal, ¶¶ 10, 14);

(b) a statement that Plaintiff alleges "four separate claims: violation of New York General Business Law § 349, unjust enrichment, breach of contract and injunctive relief . . . [for which] Plaintiff seeks several forms of relief, including: compensatory damages, injunctive relief, attorneys' fees, prejudgment interest, and 'such other and further relief as the Court deems just and proper" (see Notice of Removal, ¶ 15); and

(c) an assertion that because the individual class members' claims are aggregated to determine if the amount in controversy exceeds $5 million under CAFA, "plaintiff's claim easily meets the jurisdictional threshold (see Notice of Removal, ¶ 16).

Plaintiff respectfully submits that the above-mentioned points do not provide a basis for the exercise of subject matter jurisdiction under CAFA. Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Johnson-Kamara v. W. Chacon Trucking*, No. 05-9900, 2006 U.S. Dist. LEXIS 5487, at *7 (S.D.N.Y. Feb. 9, 2006); *Rodgers v. Central Locating Service, Ltd.*, 412 F.Supp.2d 1171, 1178-79 (W.D. Wash. 2006)(finding that "tenuous assumptions" and other "generalized and conclusory statements" contained in declaration from defendant's district manager failed to provide adequate proof with respect to satisfaction of CAFA amount-in-controversy requirement).

"Competent proof" that might illustrate the amount in controversy could include affidavits from Defendant attesting to the precise amount of "restocking fees" collected in New York or the number of transactions (and the average dollar value of such transaction) to which restocking fees have been applied. *See Senterfitt v. Suntrust Mortgage, Inc.*, 385 F.Supp.2d 1377, 1382-83 (S.D. Ga. 2005)(holding that defendant

satisfied CAFA amount-in-controversy requirement where complaint sought damages of no more than $10,000 per class member who was charged a fee by defendant to transmit a loan payoff statement, and where defendant admitted that it had faxed more than 14,000 payoff statements in the prior year alone).

Indeed, assuming <u>arguendo</u>, that there are 20,000 class members, each of whom incurred a restocking fee in the same amount as Plaintiff, compensatory damages would not even amount to $1 million. In the absence of such empirical evidence, Defendant is forcing the Court to "guesstimate" the amount in controversy. As noted by a federal court in a neighboring circuit, "[i]f this Court has to guess [as to the amount in controversy after removal], defendant has not proved its point." *Irving v. Allstate Indem. Co.*, 97 F.Supp.2d 653, 656 (E.D. Pa. 2000). Accordingly, Defendant has failed to prove that it has satisfied the amount-in-controversy requirement for diversity jurisdiction under CAFA, and thus the action should be remanded to state court.

II.

## AN AWARD OF ATTORNEYS' FEES IS WARRANTED

The applicable statute concerning the procedure for seeking remand, authorizes courts to require the payment of costs and attorneys' fees for a successful motion to remand and such an award is warranted in the present circumstances.

Title 28 U.S.C. § 1447(c) provides that: "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." It is well settled that a plaintiff who ignores threshold jurisdictional requirements risks sanctions and "the displeasure of a district court whose

authority has been improperly invoked." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 597 (2004). The Second Circuit Court of Appeals has explained that Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust Co. of New York, v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). Assessments of costs and fees against the removing defendant does not require a finding of bad faith or frivolity on the part of the removing defendant. *Kuperstein v. Hoffman-La Roche, Inc.*, 457 F.Supp.2d 467, 472 (S.D.N.Y. 2006)(granting motion to remand and awarding plaintiff recovery of attorneys' fees and costs). The test is whether the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant has failed to demonstrate an objectively reasonable basis for removing the case to federal court. Instead, Defendant asked this Court to accept its bald, conclusory assertions of jurisdiction, asked this Court to rely on CAFA's legislative history to overturn an established presumption of law, a tactic which has been rejected by the Second Circuit Court of Appeals, amongst other circuit courts, and to infer jurisdiction based upon the number of members in the plaintiff class, without providing any evidence regarding the amount of damages each member, or even the average member, may have suffered. As previously stated, conclusory allegations are plainly inadequate, as is reliance upon the Senate report. With respect to the suggested inference, such an inference is both unreasonable and unconstitutional. *See Paduano & Weintraub LLP et al. v. Wachovia Securities*, 185 F Supp 2d 330, 332 (S.D.N.Y. 2002).

A cursory review of the applicable case law on these points should also have given defendant reason to pause before removing this action. Therefore, the order remanding this action should include an order entitling Plaintiff to her costs and attorneys' fees in an amount that counsel will promptly supply, by certification, once the cost and fees attendant to the bringing of this motion to remand are determinable.

## CONCLUSION

For all the foregoing reasons, this Court should enter an order: (1) remanding this action to the Supreme Court of the State of New York, County of Bronx; and (2) awarding Plaintiff her attorneys' fees and costs attendant to the removal of this action and this motion to remand and directing her counsel to submit an affidavit of the costs and attorneys' fees incurred; and (3) awarding such other and further relief as the Court may deem just and proper.

Dated:   White Plains, New York
         July 27, 2007

                                        MEISELMAN, DENLEA, PACKMAN,
                                        CARTON & EBERZ, P.C


                                        By:  /s/ John B. Dawson
                                        Jeffrey I. Carton (JC-8296)
                                        Jerome Noll (JN-7542)
                                        John B. Dawson (JD-2709)
                                        1311 Mamaroneck Avenue
                                        White Plains, New York 10605
                                        Tel: (914) 517-5000
                                        Fax: (914) 517-5055

00196500.WPD                            Attorneys for Plaintiff