BLEAKLEY PLATT & SCHMIDT, LLP
Matthew G. Parisi (MGP-2188)
One North Lexington Avenue
White Plaints, New York 10601
Telephone: 914-949-2700
Facsimile: 914-683-6956
Co-Counsel for Defendant
Circuit City Stores, Inc.


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ADA ALICEA, on behalf of herself               :
and all others similarly situated,             :
                                               :
                          Plaintiff,           :
v.                                             :   Case No.  07 Civ. 6123 (DC)
                                               :
CIRCUIT CITY STORES, INC.                      :   **ECF CASE**
                                               :
                          Defendant.           :
-------------------------------------------------------------------x

**DEFENDANT CIRCUIT CITY STORES INC'S BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

## TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ...................................................................................................1

II.    ARGUMENT AND AUTHORITY ........................................................................2

        A.    A Reasonable Probability Exists that the Amount in Controversy in this Case Exceeds CAFA's $5,000,000 Threshold as Set Forth in 28 U.S.C. § 1332(d)(2) ……. ..............................................................2

            1.    Aggregate Compensatory Damages ............................................................3

            2.    Attorney's Fees .............................................................................................4

            3.    Circuit City's Costs of Compliance with Requested Injunction ..................5

III.    CONCLUSION .......................................................................................................6

## TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Blockbuster, Inc. v. Galeno*,
   472 F.3d 53 (2d Cir. 2006) ...................................................................................................2
*Brill v. Countrywide Home Loans*,
   427 F.3d 446 (7th Cir. 2005) .................................................................................................4
*Brown v. Jackson Hewitt, Inc.*,
   2007 WL 642011 (N.D. Ohio Feb. 27, 2007) .......................................................................5
*DiTolla v. Doral Dental IPA of New York*,
   469 F.3d 271 (2d Cir. 2006) ..................................................................................................5
*Kheel v. Port of New York Authority*,
   457 F.2d 46 (2d Cir. 1972) ....................................................................................................5
*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976, 980 (9th Cir. 2006) .........................................................................................4
*Mattera v. Clear Channel Communications, Inc.*,
   239 F.R.D. 70 (S.D.N.Y. 2006) .............................................................................................2
*Morgan v. Gay*,
   471 F.3d 469 (3rd Cir. 2006) .................................................................................................5
*Rodgers v. Central Locating Service, Ltd.*,
   412 F. Supp. 2d 1171 (W.D. Wash. 2006) ............................................................................5
*Savage v. Envirotest Svs. Corp.*,
   1996 WL 732551 (D. Conn. Dec. 13, 1996) ........................................................................4
*Scherer v. Equitable Life Assurance Soc'y of the U.S.*,
   347 F.3d 394 (2d Cir. 2003) ..................................................................................................2
*Waldron v. George Weston Bakeries Distribution, Inc.*,
   477 F. Supp. 2d 295 (D. Me. 2007) ......................................................................................5
*Wexler v. United Air Lines, Inc.*,
   2007 WL 2186132 (D.D.C. July 31, 2007) ..........................................................................4
*Williams v. Best Buy Co.*,
   269 F.3d 1316 (11th Cir. 2001) .............................................................................................2

**Statutes**

28 U.S.C. § 1332(d) .......................................................................................................................1
28 U.S.C. § 1332(d)(2) ...............................................................................................................1, 2
28 U.S.C. § 1332(d)(6) ...............................................................................................................3, 5
N.Y. Gen. Bus. Law § 349 .........................................................................................................3, 4
N.Y. Gen. Bus. Law § 349(h) ....................................................................................................3, 4

Defendant Circuit City Stores, Inc. ("Circuit City") files this Brief in Opposition to Plaintiff's Motion for Remand and, in support thereof, respectfully states as follows:

## I.    INTRODUCTION

On or about May 23, 2007, Ada Alicea ("Plaintiff") commenced this putative class action against Circuit City by filing a Class Action Complaint ("Complaint") in the Supreme Court of the State of New York, County of Bronx. Plaintiff filed the Complaint on behalf of "tens of thousands of persons" who have been charged 15% restocking fees on purchased items returned to Circuit City since May 23, 2001. Compl. ¶¶ 25, 27. Because Plaintiff's putative class action falls within this Court original jurisdiction under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"), Circuit City timely filed a Notice of Removal.

Plaintiff opposes removal on the sole ground that Circuit City failed to demonstrate this Court's subject matter jurisdiction with respect to § 1332(d)(2)'s $5,000,000 amount in controversy requirement. Pl.'s Mem. of Law in Supp. of Mot. for Remand, p. 8-10. Plaintiff makes this assertion despite the size of its purported class[1] and the various forms of relief sought.[2] To demonstrate the propriety of this Court's jurisdiction, Circuit City submits this memorandum, including the accompanying, sealed Declaration, which confirms that the amount in controversy in this matter exceeds CAFA's $5,000,000 jurisdictional threshold. Accordingly, and for the reasons explained below more fully, Circuit City respectfully requests that the Court deny Plaintiff's Motion for Remand.

---

[1] Plaintiff estimates the class size within New York alone to be in the "tens of thousands." Compl. ¶ 27.

[2] Plaintiff seeks compensatory damages, attorneys' fees, injunctive relief, and disgorgement of more than six years of alleged restocking fee profits. Compl., Prayer for Relief at 2-6.

## II.     ARGUMENT AND AUTHORITY

### A.     A Reasonable Probability Exists that the Amount in Controversy in this Case Exceeds CAFA's $5,000,000 Threshold as Set Forth in 28 U.S.C. § 1332(d)(2).

District courts "evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56-57 (2d Cir. 2006). District courts may, however, "properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In considering whether CAFA's $5,000,000 threshold has been met, it is appropriate for a district court to recall CAFA's stated purpose, which is to "allow[] federal courts to hear more interstate class actions." *Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006). Accordingly, a removing defendant asserting CAFA jurisdiction need only show "a *reasonable probability* that the aggregate claims of the plaintiff class are in excess of $5 Million." *Blockbuster*, 472 F.3d at 58 (quotations and citations omitted) (emphasis added).

To determine whether there is a reasonable probability that CAFA jurisdiction exists, this Court must first look to the face of the Complaint; *see Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (recognizing the "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy"); however, post-removal evidence in the form of the accompanying Declaration may be used to assist the Court's determination. *Williams*, 269 F.3d at 1319.

From the face of the instant Complaint, Plaintiff seeks, on behalf of "tens of thousands of persons[,]" the following forms of relief, each of which is includable in this Court's amount in controversy calculation:

1. Compensatory damages in an amount to be determined at trial for unjust enrichment, breach of contract, and violations of N.Y. General Business Law § 349, which may include *treble* damages up to $1,000 for willful or knowing violations[3] under § 349(h); (Compl. ¶ 6, Prayer for Relief at 2-4);

2. Attorneys' fees pursuant to N.Y. General Business Law § 349; (Compl., Prayer for Relief at 2);

3. Preliminary and permanent injunction against Circuit City's charging a 15% Restocking Fee; (Compl., Prayer for Relief at 5); and

4. Disgorgement of all profits earned in connection with Circuit City's charging 15% Restocking Fees; (Compl., Prayer for Relief at 5).

As explained below, the relief sought in the Complaint, as quantified by the attached Declaration, confirms that there is indeed a reasonable probability that the amount in controversy in this case exceeds CAFA's $5,000,000 threshold.

### 1. Aggregate Compensatory Damages

Under CAFA, the compensatory damages claims of individual class members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. 1332(d)(6). Plaintiff brings her purported class action on behalf of "tens of thousands of persons" who have been charged 15% restocking fees on purchased items returned to Circuit City from May 23, 2001 to the present. Compl. ¶¶ 25, 27. Compensatory damages for each individual class member include, but are not limited to: "a refund of the 15% fee charged to consumers; attorneys' fees; and the costs of this suit." *Id.* at ¶ 6.

As indicated by the accompanying Declaration of Dennis Mitchell Biggs, during the three-year time period from June of 2004 through June of 2007, Circuit City collected restocking fees in New York in the amount identified in his declaration. Because Plaintiff alleges deliberate misconduct by Circuit City, *see* Compl. ¶ 23 (alleging that Circuit City engaged in "a *deliberate*

---

[3] Plaintiff alleges that Circuit City engaged in "a *deliberate* profit-making scheme … designed to uniformly and systematically *penalize* a percentage of Circuit City's customer base." Compl. ¶ 23 (emphasis added).

profit-making scheme … designed to uniformly and systematically *penalize* a percentage of Circuit City's customer base") (emphasis added), Plaintiff has placed into controversy treble damages recoverable under N.Y. General Business Law § 349(h) for willful or knowing violations of that statute. Thus, for the purpose of this Court's amount in controversy calculation, compensatory damages at issue in this case amount to no less than the amount set forth as item one of Exhibit A to the Biggs Declaration. *See Brill v. Countrywide Home Loans*, 427 F.3d 446, 449 (7th Cir. 2005) (holding that the potential for treble damages was properly considered in calculating the amount in controversy).

### 2. Attorneys' Fees

Because Plaintiff seeks attorneys' fees awardable under New York General Business Law § 349, these fees are included in the amount in controversy calculation. *Savage v. Envirotest Svs. Corp.*, 1996 WL 732551, at *2 (D. Conn. Dec. 13, 1996); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (explaining that "[t]he amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract"). Circuit City in no way concedes that attorneys' fees should be awarded to Plaintiff in this case; however, Plaintiff's inability to recover these fees is not legally certain. Therefore, attorneys' fees are included in the amount in controversy calculation.

It is Circuit City's understanding that Plaintiff has retained her attorneys on a contingent fee basis. Given that at least the amount set forth as item one of Attachment B in compensatory damages is at issue in this case, and given the attorneys' fees typically sought by class counsel in a class action, a conservative estimate of the attorney's fees that Plaintiff's counsel likely would seek if they were to prevail is somewhere between $500,000 and $1 Million. This increases the amount in controversy in this case to between the amount set forth as item two of Exhibit A to

the Biggs Declaration.  *See Waldron v. George Weston Bakeries Distribution, Inc.*, 477 F. Supp. 2d 295, *297 (D. Me. 2007) (accepting defendant's proffer of a reasonable estimate of attorney's fees for inclusion in the amount in controversy calculation).

### 3. Circuit City's Costs of Compliance with Requested Injunction

In actions for injunctive relief, the amount in controversy is generally measured by the value of the object of the litigation from the plaintiff's standpoint.  *See DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 276-77 (2d Cir. 2006) (citing *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2d Cir. 1972)).  However, in light of § 1332(d)(6)'s requirement that courts consider the value of an injunction to an *aggregated* class, courts considering removal under CAFA routinely measure the value of the injunction from the standpoint of the removing defendant's potential costs of compliance.  For example, the United States District Court for the Eastern District of Washington recently explained that:

> Under CAFA, the total relief sought by all class members is aggregated for purposes of evaluating the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(6). And the "value" of injunctive relief is determined by calculating the defendant's costs of compliance: where the value of a plaintiff's potential recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.

*Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) (quotations and citations omitted).

In the instant case, if Circuit City is enjoined from charging restocking fees *and* required "to take immediately all steps reasonably necessary to inform current customers of [its] return policy[,]" Compl., Prayer for Relief at 5, the costs of compliance with such an injunction will be substantial.  Based on the data compiled from June of 2004 through June of 2007, Plaintiff's requested relief deprives Circuit City of approximately the amount set forth as item three of

5

Exhibit A to the Biggs Declaration a year in restocking fees. Thus, prohibiting Circuit City from charging a restocking fee results in additional damages to it in the amount set forth as item four of Exhibit A to the Biggs Declaration over the next five years. This amount does not include the costs associated with changing signage and receipt paper, as well as any other notice costs that the Court may impose if it finds against Circuit City. Adding this amount to the amount set forth as item two of Attachment B already in controversy increases the amount in controversy in this case to between the amount set forth as item five of Exhibit A to the Biggs Declaration.

### III.  CONCLUSION

In summary, based on the aggregated damages that Plaintiff has placed at issue in this case, a reasonable probability exists that the amount in controversy exceeds CAFA's $5,000,000 threshold.  Accordingly, Circuit City submits that this Court has subject matter jurisdiction over this class action and respectfully requests that the Court deny Plaintiff's Motion for Remand.

Respectfully submitted,

BLEAKELY PLATT & SCHMIDT, LLP

By:  /s/ Matthew G. Parisi
Matthew G. Parisi (MGP-2188)

One North Lexington Avenue
White Plaints, New York 10601
Telephone: 914-949-2700
Facsimile: 914-683-6956

Williams Mullen
A Professional Corporation
Turner A. Broughton (pending admission *pro hac vice*)
Calvin W. Fowler (pending admission *pro hac vice*)
*Co-Counsel for Defendant Circuit City Stores, Inc.*
Two James Center
1021 East Cary Street (23219)
P.O. Box 1320
Richmond, VA  23218-1320
Telephone: 804-643-1991
Facsimile: 804-783-6507

1487014v2