UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

ADA ALICEA,

                Plaintiff,

     - against -

CIRCUIT CITY STORES, INC.,

                Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/2007

TO:   UNITED STATES DISTRICT COURT,
       SOUTHERN DISTRICT OF NEW YORK

## JOINT STIPULATED PROTECTIVE ORDER

Upon motion of the defendant, Circuit City Stores, Inc. ("Circuit City") and the Plaintiff, Ada Alicea, it is hereby ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1.     The purpose of this Protective Order is to protect (:) the confidential nature of Circuit City's internal documents and records concerning Circuit City's return guarantee and restocking fee; (ii) the confidential nature of Circuit City's internal training materials concerning its return guarantee and restocking fee, and (iii) any other documents or testimony of a confidential nature provided by any party or non-party in connection with this litigation.

2.     The parties or any non-party may designate any discovery materials **"CONFIDENTIAL"**; provided, however, that such designation represents a good faith belief by counsel of record that such discovery materials are, indeed, confidential under the terms of Rule 26(c), and that such designation is not being done for the purpose of frustrating or impeding reasonable discovery in this action. The use of such documents or information shall be limited

1

as set forth in paragraph 6 below. Nothing in this Stipulation and Order shall be construed in any way to control the use, dissemination, publication, or disposition by any other party of (i) documents or information received at any time by that party outside the discovery process in this action; or (ii) documents or information that is part of any public record or otherwise in the public domain.

3.　　　The parties may designate non-public research and development records, non-public financial records, as well as other sensitive and proprietary information and documents as **"CONFIDENTIAL – ATTORNEY'S EYES ONLY."** Counsel of record may render advice to their respective clients and rely generally on their inspection of such documents and/or information; provided, however, that counsel shall not make any specific disclosure of the contents of such documents or information which have been so designated or marked to their client. Counsel may, however, disclose any part of such documents, testimony, information or other materials bearing the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation to persons especially retained by attorneys for one or more parties to this litigation to assist in, among other things, the preparation of the case for trial and/or the hearing on class certification who are not employees of the parties to this litigation, or who perform outside contracting work services such as accounting, financial analyses, etc., for the parties to this litigation ("Experts"). Counsel of record shall also comply with all other limitations set forth in this Order concerning **"CONFIDENTIAL"** documents when handling documents marked **"CONFIDENTIAL – ATTORNEY'S EYES ONLY."**

4.　　　Any Confidential Material produced by any party or non-party in this litigation protected under the terms herein may be designated as **"CONFIDENTIAL"** or

2

"**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" by that producing party or non- party

(the "Designating Party") in the following manner:

    a.    In the case of a writing, by stamping the word "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" on the face of the document;

    b.    In the event that a party provides access to a secure website containing confidential and proprietary information and documents, by apprising opposing counsel, in writing, that materials available on the website are confidential;

    c.    In the case of deposition testimony, or any portion thereof, by advising the court reporter and counsel of such designation during the course of the deposition or within fifteen (15) days after receiving the transcript; and

    d.    In the case of specific responses to interrogatories or to any specific request for admission, by labeling the specific response "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**."

5.    Each of the parties to this litigation shall be entitled to use the materials designated "**CONFIDENTIAL**" and "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" in accordance with Paragraph 4, subject to the remaining terms of this Stipulation and Order.

6.    Any documents, testimony, information or other materials designated as "**CONFIDENTIAL**" shall be used by any party to this litigation or their counsel solely for purposes of this litigation, and for no other purpose, and under no circumstances, other than those specifically provided for in this Stipulation and Order, shall any party disclose any part of such documents, testimony, information or other materials designated "**CONFIDENTIAL**" or permit the same to be disclosed to persons other than the following:

    a.    The Court, its staff, and the jury in accordance with the other terms and conditions of this Stipulation and Order;

    b.    Counsel who appear of record for the parties in this litigation and employees of such counsel;

    c.    A named party and/or an employee of a named party who is providing direct assistance in connection with this action, to the extent necessary to render such assistance.

    d.    Persons especially retained by attorneys for one or more parties to this litigation to assist in the preparation of the case for trial and/or the hearing on class certification who are not employees of the parties to this litigation, or who perform outside contracting work services such as accounting, financial analysis, etc., for the parties to this litigation and only if such persons have a need to use some or all of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"**;

    e.    Persons at a deposition or trial who, in the good-faith belief of counsel, need to be shown **"CONFIDENTIAL"** documents for purposes of eliciting testimony, provided that said person first signs the Confidentiality Agreement attached hereto as Exhibit "A" unless such person is not employed by or under control of the party wishing to utilize the document, in which case the person will be advised of the Confidentiality Stipulation and Protective Order and given a copy of same and requested to sign the Confidentiality Agreement. If the person refuses to sign the Confidentiality Agreement, the person will be advised by counsel attempting to use the document that there is in fact a Court Order in place concerning the confidentiality of the document at issue and that the witness is bound by that Court Order; and

    f.    Such other persons as allowed by the Court or agreed to by the producing party either in writing or on the record.

7.    Before disclosing documents, testimony, information and other materials designated as **"CONFIDENTIAL"** to any person pursuant to Paragraph 6.c, 6.d, or 6.e hereof, counsel for the parties, as appropriate, shall:

    a.    Apprise that person of the confidential and proprietary nature of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"**;

    b.    Apprise that person that the Court has enjoined the use of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** for any purpose other than litigation and has enjoined the disclosure of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** to any other person; and

      c.      Show that person a copy of this Stipulation and Order and obtain from that person a written Confidentiality Agreement, in the form attached hereto as Exhibit A, whereby he or she will be bound by this Stipulation and Order. The originals of each Confidentiality Agreement shall be maintained by counsel disclosing the Confidential Material until this section is terminated and shall then be given to opposing counsel.

8.      Except as otherwise provided in this Stipulation and Order, all Confidential Material produced in discovery and/or developed in this matter shall remain in the possession of counsel for the parties until the litigation ends.

9.      Any party may object to a designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within ten (10) business days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Challenging Party shall, within ten (10) business days of the conference, file and serve a motion (or, if the Court requires pre-motion permission, shall request permission to file an appropriate motion) to resolve the dispute over the designation of the material, with the Designating Party bearing the burden of proof on the issue. All documents, testimony or other materials designed by the Designating Party as **"CONFIDENTIAL,"** however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including appeal(s).

10.      In the event that any of the documents, testimony, information or other materials designated as **"CONFIDENTIAL"** are used in any Court proceeding herein, including depositions, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such documents, testimony, information or other materials designated as **"CONFIDENTIAL"** during such use.

5

11.     In the event that any confidential material is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Clerk, such confidential materials shall be filed under seal in an envelope marked **"CONFIDENTIAL."** Although entire transcripts containing confidential testimony shall be marked as **"CONFIDENTIAL,"** only such testimony as has been designed as confidential shall be subject to the protections of this Confidentiality Agreement.

12.     All court reporters transcribing testimony designated as **"CONFIDENTIAL"** shall be shown a copy and be bound by this Stipulation and Order. Such reporters are not to disclose such Confidential Material except to counsel of record for the parties or any person who is entitled to receive such Confidential Material pursuant to Paragraph 6 of this Stipulation and Order, or the Court. Copies of any transcripts, reporters' notes, or any other transcription records of any such testimony shall be retained by such court reporter in safekeeping or shall be delivered to the Court or filed with the Court under seal.

13.     All court reporters shall separately transcribe those portions of the testimony designated **"CONFIDENTIAL"** and shall mark the face of those separate transcripts **"CONFIDENTIAL"** and shall seal them in separate envelopes. Whenever any Confidential Document is identified as an exhibit in connection with deposition testimony, the document shall be marked **"CONFIDENTIAL"** and separately sealed.

14.     Whenever Confidential Material is to be referred to or disclosed in a deposition, persons not entitled by the terms of this Stipulation and Order to receive or see such Confidential Material shall be excluded from the room.

15.     Each person who signs this Confidentiality Agreement or reviews or inspects confidential documents or materials subject to this Confidentiality Agreement shall be brought

6

within the personal jurisdiction of the United States District Court for the Southern District of New York, including its contempt power by signing a copy of an affidavit signifying agreement to the provisions of this Confidentiality Agreement and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials. Each person's signature shall be notarized by an officer of a competent jurisdiction.

16.     Neither this Confidentiality Agreement nor the designation of any items as **"CONFIDENTIAL"** shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this proceeding or in any other proceeding. In addition, this Confidentiality Agreement does not, of itself, require the production of any information or documents.

17.     Nothing in this Confidentiality Agreement shall be deemed a waiver of the parties' rights (a) to oppose discovery on grounds other than that the same constitutes or contains Confidential information, or (b) to object on any ground to the admission in evidence, at the mediation, or arbitration, of any Confidential information.

18.     Within sixty (60) days of the final termination of this litigation, including any and all appeals, all copies of the documents, testimony, information or other materials designated as **"CONFIDENTIAL,"** as well as all summaries and abstracts of the Confidential Material and all memoranda, pleadings or documents containing Confidential Material, shall be destroyed or returned to the producing party.

19.     The obligations of this Stipulation and Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

20.    The parties to this Stipulation and Order understand that the Court may decline to enter this Stipulation and Order as drafted, and/or may require that this Stipulation and Order be amended. It is further understood that this Stipulation and Order shall bind the parties prior to entry of this Stipulation and Order, or an amended Stipulation and Order, by the Court.

SO ORDERED this ___24th___ day of ___August___, 2007.

ENTERED:        /        /

_____
U.S. District Judge

_____
Matthew G. Parisi (MGP-2188)
BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plaints, New York 10601
Telephone: 914-949-2700
Facsimile: 914-683-6956

_____
Calvin W. Fowler (*pro hac vice admission pending*)
Turner A. Broughton (*pro hac vice admission pending*)
WILLIAMS MULLEN, P.C.
Two James Center
1021 East Cary Street
P.O. Box 1320
Richmond, VA  23218-1320
(804) 643-1991

*Counsel for Circuit City Stores, Inc.*

8

Jeffrey I. Carton (JC-8296)
Jerome Noll (JN-7542)
John B. Dawson (JD-2709)
MEISLEMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, NY 10601
(914) 517-5000

*Counsel for Plaintiff*