Jeffrey I. Carton (JC-8296)
Jerome Noll (JN-7542)
John B. Dawson (JD-2709)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
(914) 517-5055
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,                                       07 Civ. 6123 (DC)

**ECF CASE**

                      Plaintiff,

   -against-

CIRCUIT CITY STORES, INC.,

                      Defendant.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S MOTION FOR REMAND

**MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.**
**Attorneys for Plaintiff Ada Alicea**
**1311 Mamaroneck Avenue**
**White Plains, New York 10605**
**(914) 517-5000**

## PRELMINARY STATEMENT

At the August 10, 2007 pre-motion conference with Judge Chin, counsel for Defendant Circuit City Stores, Inc. ("Defendant") stated that Defendant would submit a sworn statement from one of Defendant's employees, which would aver that Defendant has charged over $5 million in restocking fees in New York. Plaintiff confirmed with the Court that if the statement proffered by the Defendant demonstrated the amount in controversy to be over the $5 million jurisdictional threshold of 28 U.S.C § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), then Plaintiff would be receptive to withdrawing her motion for remand.

Despite Defendant's assurances to the contrary, the Declaration of Dennis Mitchell Biggs (the "Biggs Decl."), one of Defendant's directors, confirms that Defendant cannot satisfy CAFA's $5 million amount-in-controversy requirement. Paragraph 7 of the Biggs Decl. states that Circuit City has collected <u>only $          </u> in restocking fees within the state of New York. Consequently, this Court lacks subject matter jurisdiction to preside over this case, and Plaintiff is compelled to maintain her motion for remand.

Defendant attempts to augment this sum by erroneously claiming that Plaintiff has "placed into controversy [recovery for] treble damages," and therefore the aggregate compensatory damages should be tripled to $     million. See Exhibit A to Biggs. Decl. This assertion is completely unfounded. Plaintiff's Complaint <u>intentionally does not seek an award of treble damages</u>. Nor could it. As a matter of New York law, class claims premised upon New York General Business Law § 349 ("N.Y. GBL § 349") may not be trebled. Without the trebling of damages for this claim, Defendant cannot

satisfy the $5 million threshold for CAFA jurisdiction.

Furthermore, as demonstrated below, because Defendant cannot include Plaintiff's prospective attorneys' fees or the costs that might be incurred by Defendant in complying with an injunction barring the imposition of restocking fees, the total amount of controversy is merely $     million, which requires the remand of this action to the Supreme Court of the State of New York, County of Bronx.

## ARGUMENT

### I.

### DEFENDANT HAS FAILED TO SHOW TO A "REASONABLE PROBABILITY" THAT PLAINTIFF'S CLAIMS ARE IN EXCESS OF $5 MILLION

A.   Plaintiff Does Not Seek To Obtain, And As A Matter Of Law Is Barred From Obtaining, Treble Damages Under N.Y. GBL § 349

As the removing party, Defendant bears the burden of establishing subject matter jurisdiction. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). To establish a basis of jurisdiction pursuant to CAFA, the defendant must show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million. *Blockbuster, Inc.*, 472 F.3d at 58. Defendant concedes that the restocking fees it collected in New York total only $          an amount that falls woefully short of establishing damages even close to the threshold amount for CAFA jursidiction.

Defendant, however, asserts that Plaintiff has "placed into controversy treble damages recoverable under N.Y. General Business Law § 349(h) for wilful or knowing violations of that statute." Def. Mem. p. 4. This is completely false. The Complaint

does not seek treble damages for this or any other cause of action asserted against Defendant. The word "treble" does not even appear in the Complaint. Rather, the Complaint seeks to recover, for Defendant's violation of N.Y. GBL § 349(h):

- "compensatory damages, including, but not limited to, a refund of the 15% fee charged to consumers; attorneys' fees; and the costs of this suit" (Cplt., ¶ 6) (emphasis added), and;

- "the damages that [Plaintiff and the class members] have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees" (Cplt., ¶ 31).

Accordingly, Defendant's argument is undermined by Plaintiff's express request for compensatory and actual damages in her Complaint.

Moreover, as a matter of law, Plaintiff cannot obtain treble damages for a claim brought on behalf of a class of plaintiffs under N.Y. GBL § 349(h). *Ridge Meadows Homeowners' Assoc., Inc. v. Tara Develop. Co.*, 242 A.D.2d 947, 665 N.Y.S.2d 361 (4th Dep't 1997)(affirming class certification where plaintiff consented to strike request for treble damages under N.Y. GBL § 349(h)); *Lawlor v. Cablevision Systems Corp.*, No. 12308-06 (LBA), 2007 WL 914199, *4, 839 N.Y.S.2d 433, 435 (Sup. Ct. Nassau Cty. March 22, 2007)(denying motion to dismiss N.Y. GBL § 349 claim asserted in class action where plaintiff was not seeking "the statutory minimum or treble damages.")

This rule is grounded in the interplay between N.Y. C.P.L.R. 901(b) and General Business Law § 349(h). N.Y. C.P.L.R. 901, entitled, "Prerequisites to a class action" provides in relevant part,

> b. Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action. (emphasis added)

3

New York General Business Law § 349(h) does not specifically authorize the recovery of treble damages in a class action. New York courts have consistently held that in light of this lack of authorization, a plaintiff is "barred by CPLR 901(b) from maintaining a class action for the . . . treble damages imposed by section 349(h) of the General Business Law." *Ridge Meadows Homeowners' Assoc., Inc.*, 242 A.D.2d at 947.

Plaintiff, as master of her Complaint, intentionally refrained from seeking a recovery of treble damages, as such damages are not available in a class action. Defendant's specious argument -- that Plaintiff's assertion of wilful conduct on Defendant's part is tantamount to a request for treble damages -- is undermined by the provisions of the Complaint in which Plaintiff sets forth her claim for compensatory damages and actual damages and contrary to the well-settled law of this state. Consequently, there is no basis for trebling the compensatory damages for purposes of determining the amount in controversy, and for purposes of determining the amount-in-controversy on this motion, Plaintiff's damages should be limited to the precise amount of restocking fees collected by Defendant in New York, which Defendant asserts is merely $    million.

B.  Defendant Cannot Include "Potential Attorneys' Fees" In Calculating
    <u>The Amount In Controversy</u>

Defendant's argument that "potential attorneys' fees" can be, and should be, included for purposes of determining the amount in controversy ignores the standing precedent of this Court. This Court has consistently held that where a plaintiff is asserting a claim under N.Y. GBL § 349, prospective attorneys' fees may not be considered for purposes of establishing the amount in controversy. *Colon v. Rent-A-*

4

*Center, Inc.*, 13 F. Supp.2d 553, 561-62 (S.D.N.Y. 1998)(remanding action to state court and holding that potential attorneys' fees in a class action under N.Y. GBL § 349 cannot be used "as a bootstrap for establishing federal jurisdiction"); *Trapanotto v. Aetna Life Ins. Co.-Aetna Health Plans*, No. 95 Civ. 10704 (LAP), 1996 WL 417519, *9-10 (S.D.N.Y. July 25, 1996)(remanding action to state court; Judge Preska observed that "I must certainly decline at this early stage of the litigation to find that "justice requires" attorneys' fees . . . [t]o do so now would be premature.")

Defendant, obviously aware of the previous decisions of this Court on this very issue, cites to two cases from outside of this Court in support of its argument. Both cases are wholly inapposite. The primary case Defendant relies upon, *Savage v. Envirotest Svs. Corp.*, No. 3:96 cv 1931 (AHN),1996 WL 732551 (D. Conn. Dec. 13, 1996), involved a claim brought under Connecticut General Stat. § 31-51q, a statute that provides for a <u>mandatory</u> award of attorneys' fees to a successful plaintiff. In light of the mandatory award of attorneys' fees under that statute, it was not inappropriate to include such fees in ascertaining the jurisdictional sum. In this case, however, an award of attorneys' fees under N.Y. GBL § 349 is merely <u>discretionary</u>. The other case relied upon by Defendant, *Kroske v. U.S. Bank Corp.*, is a Ninth Circuit case that did not involve facts remotely similar to the facts of the instant dispute. Accordingly, for all of the reasons stated above, Plaintiff's prospective attorneys' fees may not be included in determining the amount in controversy.[1]

---

[1] The irony of Defendant's position is not lost upon Plaintiff's counsel. Notably, at the same time Defendant is seeking to value Plaintiff's attorneys' fees for purposes of establishing the amount in controversy, Defendant contends that it "in no way concedes that attorneys' fees should be awarded to Plaintiff in this case." Def Mem at 4. Simply put, Defendant cannot have it both ways.

C.  **Defendant Concedes That The Law Of This Circuit Requires That
The Cost Of Injunctive Relief Is To Be Measured From The
<u>Plaintiff's Standpoint, Not The Defendant's</u>**

Defendant admits, as it must, that the rule in this circuit is that the amount in controversy for a claim seeking injunctive relief is to be measured by the value of the object of the litigation from the plaintiff's perspective, not the defendant's. See Def. Mem. at 5. Defendant concedes that *DiTolla v. Doral Dental IPA of New York, LLC*, 469 F.2d 271 (2d Cir. 2006) is directly on point. In *DiTolla*, the Second Circuit affirmed the district court's remand of the action to state court based upon the Defendant's failure to prove that the plaintiff's claim for equitable relief satisfied CAFA's jurisdictional amount in controversy. The Second Circuit held,

> [g]enerally . . . the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested.

*DiTolla*, 469 F.2d at 267-77 (citation omitted). The Second Circuit applied this rule, attempted to measure the amount in controversy from the plaintiff's perspective, and found that because defendants' assertions did not shed sufficient light on the amount in controversy, it would be "mere speculation" to assign a value to Plaintiff's claim for equitable relief. <u>Id.</u> at 277.

Here, Plaintiff requests injunctive relief in the form of an injunction barring Defendant from imposing restocking fees and requiring Defendant to inform current customers of its return policy. From Plaintiff's perspective, there is little economic value in the injunctive relief; more importantly, however, because there is no "competent proof" in the record as to what the value of an injunction might be, it would be "mere

6

speculation" to assign a value to Plaintiff's request for injunctive relief. *DiTolla*, 469 F.2d at 277. Accordingly, there is insufficient evidence from which this Court could assign a value of the injunctive relief from Plaintiff's standpoint.

In light of the Second Circuit's adherence to the long-standing rule in *DiTolla*, a case which like the instant case involved an improper removal under CAFA, Defendant's request that this Court should depart from the established rule in this circuit should be denied.

## CONCLUSION

For all the foregoing reasons, this Court should enter an order: (1) remanding this action to the Supreme Court of the State of New York, County of Bronx; and (2) awarding Plaintiff her attorneys' fees and costs attendant to the removal of this action and this motion to remand and directing her counsel to submit an affidavit of the costs and attorneys' fees incurred; and (3) awarding such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
August 27, 2007

           MEISELMAN, DENLEA, PACKMAN,
           CARTON & EBERZ, P.C.

           By: /s/ Jeffrey I. Carton
           Jeffrey I. Carton (JC-8296)
           Jerome Noll (JN-7542)
           John B. Dawson (JD-2709)
           1311 Mamaroneck Avenue
           White Plains, New York 10605
           Tel: (914) 517-5000
           Fax: (914) 517-5055

           Attorneys for Plaintiff

00197975.WPD