UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
ADA ALICEA, on Behalf of Herself
and all Others similarly situated,

                                   Plaintiff,

                                                        07 CIV 6123 (DC)

            - against -

CIRCUIT CITY STORES, INC.

                                   Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

### BLEAKLEY PLATT & SCHMIDT, LLP

*Co-Counsel for Defendant*
*Circuit City Stores, Inc.*
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

WILLIAMS MULLEN
A Professional Corporation
*Co-Counsel for Defendant*
*Circuit City Stores, Inc.*
Two James Center
1021 East Gary Street (23219)
P.O. Box 1320
Richmond, Virginia  23218-1320
(804) 643-1991

# TABLE OF CONTENTS

**PAGE(S)**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I          PLAINTIFF FAILS TO STATE A CLAIM UNDER . . . . . . . . . . . 3
                 NEW YORK'S GENERAL BUSINESS LAW
                 BECAUSE SHE FAILS TO ALLEGE ACTIONABLE
                 DECEPTION BY CIRCUIT CITY

A.      Motion to Dismiss Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.      New York General Business Law § 349 . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C.      Plaintiff Failed to Plead an "Actionable Deception" by . . . . . . . . . . . . . . . 6
        Circuit City

POINT II         PLAINTIFF'S BREACH OF CONTRACT CLAIM . . . . . . . . . . . . 10
                 SHOULD BE DISMISSED BECAUSE PLAINTIFF
                 DID NOT BREACH AN AGREEMENT BETWEEN
                 THE PARTIES

POINT III        PLAINTIFF POSSESSES NO UNJUST ENRICHMENT . . . . . . . 11
                 CLAIM BECAUSE THE ONLY UNJUST
                 ENRICHMENT ALLEGED ARISES OUT OF THE
                 DEFENDANT'S PURPORTED BREACH OF THE
                 AGREEMENT BETWEEN THE PARTIES

POINT IV         PLAINTIFF'S INJUNCTIVE RELIEF CLAIM SHOULD . . . . . . . 11
                 BE DISMISSED AS WELL

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**PAGE(S)**

*Alamo Contract Bldrs. v. CTF Hotel Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
242 A.D.2d 643, 644, 663 N.Y.S.2d 42, 43 (2d Dep't 1997

*AMA v. United Healthcare Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
2003 U.S. Dist. LEXIS 14686, No. 00 Civ. 2800 (LMM) (GWG),
2003 WL 22004877, at *6 (S.D.N.Y. Aug. 22, 2003)

*Andrews v. Cerberus Partners*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
271 A.D.2d 348, 707 N.Y.S.2d 85 (1st Dep't. 2000)

*Arnold Chevrolet, LLC  v. Tribune Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
418 F.Supp.3d 172, 191 (E.D.N.Y. 2006)

*Boule v. Hutton*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
328 F.3d 84, 94 (2d Cir. 2003)

*Bray v. City of New York*,. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
356 F. Supp. 2d 277, 286 (S.D.N.Y. 2004)

*Chambers v. Time Warner, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
282 F.3d 147, 152-153 (2nd Cir. 2002)

*Citadel Equity Fund Ltd. v. Aquila, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
371 F. Supp. 2d 510, 516 (S.D.N.Y. 2005),
*aff'd without published opinion*, 168 Fed. Appx. 474 (2d Cir. 2006)

*Cohen v. J.P. Morgan Chase & Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
2005 U.S. Dist. LEXIS 45466 (E.D.N.Y. 2005),
vacated on other grounds 2007 U.S. App. LEXIS 18620 (2d Cir. 2007)

*Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, . . . . . . . . . . . . . . . . . . . . . . 3
395 F.3d 25, 31 (2d Cir. 2005)

*Dover Ltd. v. A.B. Watley, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
423 F. Supp. 2d 303, 329 (S.D.N.Y. 2006)

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, . . . . . . . . . . . . . . 4
375 F.3d 168, 176 (2d Cir. 2004)

*Freedom Holdings Inc. v. Spitzer*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
357 F.3d 205, 216 (2d Cir. 2004)

*Geisler v. Petrocelli*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
616 F.2d 636, 639 (2d Cir. 1980)

*Goshen v. Mutual Life Ins. Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
98 N.Y.2d 314, 324, 746 N.Y.S.2d 858 (2002)

*Grand Gen. Stores v. Royal Indem. Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
1994 U.S. Dist. LEXIS 5251, 1994 WL 163973, at *4 (S.D.N.Y. Apr. 22, 1994)

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
277 F. Supp. 2d 269, 272 (S.D.N.Y. 2003)

*Harary v. Allstate Insurance Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
983 F. Supp. 95, 98-99 (E.D.N.Y. 1997)

*Harsco Corp. v. Segui*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
91 F.3d 337, 348 (2d Cir. 1996)

*Highlands Ins. Co. v. PRG Brokerage, Inc.*, 2004 U.S. Dist. LEXIS 83, . . . . . . . . 5
No. 01 Civ. 2272 (GBD), 2004 WL 35439, at *9 (S.D.N.Y. Jan. 6, 2004)

*Jim Longo, Inc. v. Rutigliano*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
251 A.D.2d 547, 548, 674 N.Y.S.2d 730, 731 (2d Dep't 1998)

*Kforce, Inc. v. Alden Personnel, Inc.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
288 F. Supp. 2d 513, 518 (S.D.N.Y. 2003)

*Lava Trading, Inc. v. Hartford Fire Ins. Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004)

*Leider v. Ralfe*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
387 F. Supp. 2d 283, 294-95 (S.D.N.Y. 2005)

*Lum v. New Century Mortg. Corp.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
19 A.D.3d 558, 800 N.Y.S.2d 408 (2d Dep't 2005)

*Lewis v. Hertz Corp.*, 181 A.D.2d 493, 581 N.Y.S.2d 305 (1st Dep't. 1992), . . . . . 8
leave dismissed, 80 N.Y.2d 893, 627 N.Y.S.2d 318 (1992)

*MaGee v. Paul Revere Life Insurance Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
954 F. Supp. 582, 586 (E.D.N.Y. 1997)

*Mastropieri v Solmar Constr. Co.*,. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
159 A.D.2d 698, 700, 553 N.Y.S.2d 187 (2d Dep't. 1990)

*Maurizio v. Goldsmith,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
230 F.3d 518, 521-22 (2d Cir. 2000)

*New York Univ. v Continental Ins. Co.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
87 N.Y.2d 308, 318, 639 N.Y.S.2d 283 (1995)

*Northwestern Mutual Life Insurance Co. v. Wender,* . . . . . . . . . . . . . . . . . . . . . . . 4
940 F. Supp. 62, 65 (S.D.N.Y. 1996)

*O Zon Inc. v. Charles,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
272 F. Supp. 2d 307, 312 (S.D.N.Y. 1995)

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* . . . . . 6
85 N.Y.2d 20, 26, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995)

*Riordan v. Nationwide Mut. Fire Ins. Co.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
977 F.2d 47, 51 (2d Cir. 1992)

*Rocanova v Equitable Life Assur. Socy.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
83 N.Y.2d 603, 614, 612 N.Y.S.2d 339 (1994)

*Sands v. Ticketmaster-New York,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't. 1994)

*Smith v. Chase Manhattan Bank, USA, N.A.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
293 A.D.2d 598, 741 N.Y.S.2d 100, 102 (2d Dep't 2002)

*Smith v. Triad Mfg. Group, Inc.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
255 A.D.2d 962, 681 N.Y.S.2d 710, 712 (4th Dep't 1998))

*Solomon v. Bell Atlantic Corp.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
9 A.D.3d 49, 52, 777 N.Y.S.2d 50 (1st Dep't. 2004)

*Stutman v. Chem. Bank,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
95 N.Y.2d 24, 29, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000)
(citations omitted)

*Terwilliger v. Terwilliger,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
206 F.3d 240, 245-46 (2d Cir. 2000)

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.,* . . . . . . . . . . . . . . . 5
155 F. Supp. 2d 1, 25 (S.D.N.Y. 2001)

*Velez v. Levy,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
401 F.3d 75, 80 (2d Cir. 2005)

*York v. Ass'n of the Bar*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
286 F.3d 122, 125 (2d Cir. 2002)

*Zuckerman v. BMG Direct Mktg.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't. 2002)

# PRELIMINARY STATEMENT

Plaintiff Ada Alicea ("Plaintiff") has no valid claims against defendant Circuit City Stores, Inc. ("Circuit City").  In her complaint, Plaintiff alleges that Circuit City engaged in a deceptive business practice by imposing a 15% restocking fee upon the return of certain categories of merchandise to Circuit City in an open or non-factory sealed box.  (Class Action Complaint ("Complaint") ¶ 1, 2, attached as Exhibit 1).  In making her allegations, Plaintiff acknowledges that Circuit City customers receive a receipt that contains the terms of Circuit City's return guarantee, including the restocking fee.  (Complaint ¶ 12-15.)

Despite the fact that Plaintiff's receipt sets forth the fact that the item that she purchased was subject to a restocking fee, Plaintiff nevertheless alleges that Circuit City's imposition of a restocking fee constitutes a violation of General Business Law § 349.  Moreover, Plaintiff alleges that Circuit City's imposition of a restocking fee constitutes a breach of the parties' contract despite the fact that the parties' contract (the receipt) specifically discloses the restocking fee. Plaintiff also alleges an unjust enrichment claim, and seeks an injunction from the Court that would prohibit Circuit City from imposing a restocking fee.

All of Plaintiff's claims fail.  Circuit City does not engage in a deceptive business practice under General Business Law § 349 because it specifically discloses its restocking fee to its customers.  Likewise, there is no breach of contract claim because Circuit City's imposition of a restocking fee is in accordance with the terms of the parties' contract.  Plaintiff's unjust enrichment claim also fails because it is indistinguishable from her breach of contract claim. Finally, Plaintiff is not entitled to injunctive relief because an adequate remedy exists at law, i.e., to the extent that Circuit City's imposition of a restocking fee is improper Plaintiff or any other Circuit City customer may recover money damages to make them whole.

Accordingly, Circuit City respectfully requests that the Court dismiss Plaintiff's complaint in its entirety.

## BACKGROUND

In the Complaint, Plaintiff alleges that she purchased a JVC camcorder and a blank VCR tape from Circuit City on May 8, 2007. (Exhibit 1, ¶ 17.) At the time of purchase, Plaintiff was presented with a sales receipt.[1] Plaintiff alleges that the reverse of her sales receipt stated that "Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below." Exhibit 1, ¶12. Plaintiff alleges that her receipt further specifically set forth Circuit City's return policy, including that: (1) a "restocking fee" in the amount of 15% of the purchase price is imposed in the event certain enumerated items, which included the camcorder that she purchased, are returned opened or in a non-factory sealed box. ("Restocking Fee"); and, (2) The Restocking Fee applies only to the following products: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDA mobile video, GPS and radar detectors. Exhibit 1, ¶¶13, 14.

---

[1]      Although plaintiff's complaint indicates that her receipt is attached thereto as exhibit A, no receipt was attached to the complaint filed with the Court and served upon defendant. Although the Court requested that she do so at the prehearing conference, none has been provided. Nevertheless, Plaintiff's receipt would have provided in pertinent part:

- Digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanner, projectors, PDAs, mobile video, GPS and radar detectors must be returned within 14 days of the sale date, and (except where prohibited by law) are subject to a 15% restocking fee if returned opened or in a non-factory sealed box.

. . .

- There is no restocking fee for defective product returned in exchange for the exact same product, or for product originally purchased as Open Box.

Although Plaintiff failed to attach the receipt as requested, the Court may nevertheless rely on the terms of Plaintiffs' receipt in ruling on Circuit City's motion to dismiss. *Arnold Chevrolet, LLC v. Tribune Co.*, 418 F.Supp.3d 172, 191 (E.D.N.Y. 2006)("Although a court in deciding a Rule 12(b)(6) motion is generally limited to considering the facts alleged in the complaint, a district court may also consider documents that are attached to, incorporated by reference in, or integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2nd Cir. 2002). Court apply this exception where, as here, a plaintiff sues primarily on the basis of a document, such as a contract, and only attaches selected portions of that document, or fails to attach the document at all." (internal citations omitted)). The Court may rely on

On May 9, 2007 Plaintiff alleges that she returned the camcorder in an opened box and that she was charged a restocking fee.  Exhibit 1, ¶ 18.  Plaintiff makes no claim that Circuit City's actual return policy deviated from that set forth plainly and clearly on her receipt, or that she was charged a restocking fee in excess of 15% of the purchase price.

Based on these factual allegations, plaintiff seeks several forms of relief, including: compensatory damages, injunctive relief, attorneys' fees and prejudgment interest.  Exhibit 1, Prayer for Relief at 1-7.

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK'S
GENERAL BUSINESS LAW BECAUSE SHE FAILS TO ALLEGE
ACTIONABLE DECEPTION BY CIRCUIT CITY**

**A.    <u>Motion to Dismiss Standard</u>**

The standard applied to a motion to dismiss is well settled.  In determining whether dismissal is appropriate under Rule 12(b)(6), the court must "accept as true the material facts alleged in the complaint and draw all reasonable inferences in [plaintiff's] favor." *Freedom Holdings Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004); *accord Velez v. Levy*, 401 F.3d 75, 80 (2d Cir. 2005).  Further, "[a] complaint cannot be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Freedom Holdings Inc*, 357 F.3d at 216 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); *accord Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 31 (2d Cir. 2005).

As such, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"

3

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 176 (2d Cir. 2004) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)); *accord Velez*, 401 F.3d at 80. On a motion to dismiss, the inquiry "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd.*, 375 F.3d at 177 (quoting *York v. Ass'n of the Bar*, 286 F.3d 122, 125 (2d Cir. 2002).

While Section 349 of the New York's General Business Law does not require plaintiff to allege fraud, and therefore the particularity requirements of Rule 9(b), Fed. R. Civ. P., are not triggered, to state a claim plaintiff must allege with some specificity the allegedly deceptive acts or practices that form the basis for the claim. *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004).

Further, plaintiff must set forth factual allegations in support of every element of her claim. Conclusory allegations of deception, among other things, are insufficient to state a claim under Section 349. *See Northwestern Mutual Life Insurance Co. v. Wender*, 940 F. Supp. 62, 65 (S.D.N.Y. 1996) (denying § 349 claim where "there are no specific allegations of an impact on consumers at large, or that plaintiff employed deceptive practices. Conclusory allegations are insufficient to withstand a motion to dismiss"); *Grand Gen. Stores v. Royal Indem. Co.*, 1994 U.S. Dist. LEXIS 5251, 1994 WL 163973, at *4 (S.D.N.Y. Apr. 22, 1994); *MaGee v. Paul Revere Life Insurance Co.*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997) (allegations that insurer's refusal to pay benefits "is part of a national policy to terminate unprofitable disability insurance policies by denying benefits to insureds …" inadequate to state a claim under Section 349; "Indeed, any other conclusion would effectively permit a plaintiff to convert almost any garden variety breach of contract cause of action into a violation of section 349"); *Harary v. Allstate*

4

*Insurance Co.*, 983 F. Supp. 95, 98-99 (E.D.N.Y. 1997)  (collecting cases considering adequacy of pleading).

      As set forth fully below, plaintiff's complaint fails to meet these standards.

**B.**       **New York General Business Law § 349**

      Plaintiff's primary claim is that Circuit City engaged in a deceptive business practice in violation of New York General Business Law Section 349.  This section "'was designed to protect consumers from various forms of consumer fraud and deception.'" *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 25 (S.D.N.Y. 2001) (quoting *Smith v. Triad Mfg. Group, Inc.*, 255 A.D.2d 962, 681 N.Y.S.2d 710, 712 (4th Dep't 1998)). Section 349 "declares unlawful 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.'" *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 51 (2d Cir. 1992) (internal brackets omitted) (quoting General Business Law § 349(a)); accord H*ighlands Ins. Co. v. PRG Brokerage, Inc.*, 2004 U.S. Dist. LEXIS 83, No. 01 Civ. 2272 (GBD), 2004 WL 35439, at *9 (S.D.N.Y. Jan. 6, 2004); K*force, Inc. v. Alden Personnel, Inc.*, 288 F. Supp. 2d 513, 518 (S.D.N.Y. 2003).  The statute provides a private right of action to any person injured by a business' deceptive act or practice.  *Riordan*, 977 F.2d at 51 (citing General Business Law § 349(h)); accord *AMA v. United Healthcare Corp.*, 2003 U.S. Dist. LEXIS 14686, No. 00 Civ. 2800 (LMM) (GWG), 2003 WL 22004877, at *6 (S.D.N.Y. Aug. 22, 2003); G*ucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 272 (S.D.N.Y. 2003).

      There are three elements to a section 349 claim: "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000) (citations omitted); accord *Maurizio v. Goldsmith*,

230 F.3d 518, 521-22 (2d Cir. 2000); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, (S.D.N.Y. 2004); *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 741 N.Y.S.2d 100, 102 (2d Dep't 2002). "In addition, a plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." *Stutman*, 95 N.Y.2d 29.

As set forth more fully below, plaintiff failed the second prong of this test. Her failure to allege any action on the part of defendant that was misleading is a fatal defect. As such, her claims should be dismissed.

**C.    Plaintiff Failed to Plead an "Actionable Deception" by Circuit City**

Under Section 349, "'deceptive acts' are defined objectively, as acts 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir. 2003) (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). It is well established that omissions may provide the basis for such claims. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995) ("objective definition of deceptive acts and practices" includes "misrepresentations or omissions"); *see also Stutman*, 95 N.Y.2d at 29; *Solomon v. Bell Atlantic Corp.*, 9 A.D.3d 49, 52, 777 N.Y.S.2d 50 (1st Dep't. 2004). Deceptive practices "need not reach the level of common-law fraud to be actionable under Section 349." *Boule*, 328 F.3d at 94 (quoting *Stutman*, 95 N.Y.2d at 29). As such, plaintiff need only allege that Circuit City engaged in actions that were likely to mislead a reasonable consumer. She has not.

The complaint provides that, upon purchase of any merchandise at a Circuit City store, a customer is presented with a receipt which states Circuit City's return policy. Ex. 1, ¶ 12. The receipt specifically provides for a restocking fee in the amount of 15% of the purchase price in the event certain enumerated items are returned opened or in a non-factory sealed box. Ex. 1,

¶13.  Plaintiff received a sales receipt, and specific notice of Circuit City's return policy, well in advance of her decision to open the box containing the JVC camcorder.[2]  As such, there was no actionable deception.

A deceptive acts and practices claim under General Business Law § 349 actually requires deception.  *Leider v. Ralfe*, 387 F. Supp. 2d 283, 294-95 (S.D.N.Y. 2005); see also *Goshen v. Mutual Life Ins. Co.*, 98 N.Y.2d 314, 324, 746 N.Y.S.2d 858 (2002) (holding that "the transaction in which the consumer was deceived must occur in New York"); *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529 (1995).

In *Leider*, the plaintiffs alleged federal and state claims based on a jewelry group's alleged price-fixing, anticompetitive conduct, and other nefarious business practices in the diamond industry.  There, the court found the degree of subterfuge required to support a § 349 claim lacking.  Even though the court found the jewelry group's conduct reprehensible, it did not find it to be secretive, because "the group's monopolistic practices were public knowledge, something plaintiffs themselves recognize."  *Leider v. Ralfe*, 387 F. Supp 2d at 296.

New York courts have consistently dismissed General Business Law § 349 claims similar to those alleged in this matter where the challenged business practice was fully disclosed.  For instance, in *Zuckerman v. BMG Direct Mktg.*, 290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't. 2002), plaintiff alleged that a mail order music seller used allegedly deceptive statements that caused buyers to believe that the disclosed shipping and handling charges were not a "profit center."  The First Department determined that such allegations were properly held insufficient to state a cause of action under General Business Law § 349 in view of defendant's promotional

---

[2]     In all likelihood, plaintiff was well aware of the restocking fee prior to her purchase of the JVC camcorder.  Should discovery be allowed, it will undoubtedly establish that Circuit City's refund policy, including the imposition of a restocking fee, is conspicuously posted in conformance with Circuit City store policy and the requirements of the New York City Department of Consumer Affairs.

materials setting forth the exact amount to be charged for the shipping and handling of each recording selected.[3]

Likewise, in *Lewis v. Hertz Corp.*, 181 A.D.2d 493, 581 N.Y.S.2d 305 (1st Dep't. 1992), leave dismissed, 80 N.Y.2d 893, 627 N.Y.S.2d 318 (1992) the plaintiff challenged the defendant automobile rental agency's practice of allowing customers the options of, among other things, returning automobiles with a full tank of gasoline or accepting the Optional Refueling Service and imposing an hourly late return charge.  The First Department held that none of the challenged practices violated the prohibition against deceptive business practices under General Business Law § 349, since the record showed that these practices were fully disclosed prior to acceptance of the automobile by the renter.  *Id*. at 494.

In *Sands v. Ticketmaster-New York*, 207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't. 1994), plaintiff contended that defendant's fees were "excessive."  However, the court found no dispute that such fees are always disclosed by Ticketmaster.  Therefore, the court held that the challenged business practices did not violate the prohibition against deceptive business practices under General Business Law § 349, since the record shows that these practices were fully disclosed.  *Id*. at 687, see also *Lum v. New Century Mortg. Corp.*, 19 A.D.3d 558, 800 N.Y.S.2d 408 (2d Dep't 2005) (no materially misleading statement, where the record indicated that the Yield Spread Premium was disclosed to the plaintiff).

The Eastern District held likewise in *Cohen v. J.P. Morgan Chase & Co.*, 2005 U.S. Dist. LEXIS 45466 (E.D.N.Y. 2005), vacated on other grounds 2007 U.S. App. LEXIS 18620 (2d Cir. 2007). There, plaintiff asserted a claim where the defendants presented a closing statement

---

[3]     The *Zuckerman* court found that, as a matter of law, a disclosure that a specified amount will be charged for shipping and handling cannot cause a reasonable consumer to believe that such amount is necessarily equal to or less than the seller's actual shipping and handling costs. Zuckerman, 290 A.D.2d at 330-31.  It ultimately concluded that the question of whether the amount charged is unreasonable or excessive was not an issue for the courts to address. *Id*.  While Circuit City's restocking fee is in fact not a "profit center," that issue is not properly before this Court.

containing all of the fees charged for settlement services, including a "post-closing fee" of $ 225, purportedly for future services to be rendered by defendants.  The  dismissed plaintiff's General Business Law § 349 claim because the complaint stated that the fee was disclosed prior to closing, holding that the defendants' actions were not misleading as a matter of law.  *Id.*

In this case, it is undisputed that Circuit City discloses its restocking fee to its customers and that the restocking fee was disclosed to Plaintiff in advance of her decision to open the camcorder box.  The very receipt that Plaintiff acknowledges that she received specifically set forth Circuit City's restocking policy.[4]

While plaintiff may argue that the deception occurred prior to the purchase (a contention which, should this matter proceed, the facts will bear out is at odds with the conspicuously posted refund policy and restocking fee signs at Circuit City stores), the operative moment for purposes of this plaintiff's claim is when she opened the box, well after she received the receipt, and notice of Circuit City's return policy.  If plaintiff hadn't opened the box, she could have returned the JVC Camcorder to Circuit City and received a full refund.  Plaintiff would have no claim under those circumstances.

Circuit City's return policy was conspicuously posted on the receipt plaintiff obtained at the time of purchase.  Under these circumstances, a "reasonable consumer acting reasonably under the circumstances" would be made fully aware of Circuit City's return policy.

The factual allegations of the complaint demonstrate that plaintiff was provided a receipt at the time of purchase which stated Circuit City's return policy, including the 15% restocking fee.  Under these circumstances, plaintiff can not be found to have been deceived by Circuit City.  Accordingly, her General Business Law § 349 claim should be dismissed.

---

[4]     Although the Court may not consider it for purposes of the motion to dismiss, Circuit City also discloses its restocking fee to its customers via wall signage, register signage, as well as through its customer sales associates.

## POINT II

### PLAINTIFF'S BREACH OF CONTRACT CLAIM
### SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT BREACH
### AN AGREEMENT BETWEEN THE PARTIES

To make out a prima facie breach of contract claim under New York law, "a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *accord Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000); *Dover Ltd. v. A.B. Watley, Inc.*, 423 F. Supp. 2d 303, 329 (S.D.N.Y. 2006); *Citadel Equity Fund Ltd. v. Aquila*, Inc., 371 F. Supp. 2d 510, 516 (S.D.N.Y. 2005), *aff'd without published opinion*, 168 Fed. Appx. 474 (2d Cir. 2006).

Here, plaintiff failed to allege facts which would establish the Circuit City breached any agreement with plaintiff.  Plaintiff claims that her breach of contract claim arose when Circuit City charged a restocking fee when she returned of JVC camcorder she had purchased a day earlier in an open box.  Ex. 1, ¶ 36.  The contract at issue is contained on the sales receipt issued to plaintiff.  The receipt specifically provides that a restocking fee will be charged with respect to certain enumerated items, including camcorders, when they are returned in an open box.  The complaint lacks a single allegation that Circuit City breached any agreement with plaintiff.  Rather, plaintiff concedes that Circuit City acted in accordance with the return policy set forth on her receipt.

As such, there is no breach of an agreement between the parties and plaintiff possesses no breach of contract claim against defendant.

10

**POINT III**

**PLAINTIFF POSSESSES NO UNJUST ENRICHMENT CLAIM BECAUSE THE ONLY UNJUST ENRICHMENT ALLEGED ARISES OUT OF THE DEFENDANT'S PURPORTED BREACH OF THE AGREEMENT BETWEEN THE PARTIES**

It is well settled that a cause of action to recover damages for unjust enrichment does not lie when the alleged unjust enrichment arises from an alleged breach of contract. S*ee, New York Univ. v Continental Ins. Co.,* 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283 (1995); *Rocanova v Equitable Life Assur. Socy.,* 83 N.Y.2d 603, 614, 612 N.Y.S.2d 339 (1994); *Mastropieri v Solmar Constr. Co.,* 159 A.D.2d 698, 700, 553 N.Y.S.2d 187 (2d Dep't. 1990); *Andrews v. Cerberus Partners*, 271 A.D.2d 348, 707 N.Y.S.2d 85 (1st Dep't. 2000) (affirming the dismissal of a claim for unjust enrichment because it was indistinguishable from the breach of contract claim); J*im Longo, Inc. v. Rutigliano*, 251 A.D.2d 547, 548, 674 N.Y.S.2d 730, 731 (2d Dep't 1998); *Alamo Contract Bldrs. v. CTF Hotel Co.*, 242 A.D.2d 643, 644, 663 N.Y.S.2d 42, 43 (2d Dep't 1997).

This is precisely the case here. To the extent plaintiff possesses any claim, it would be for breach of an agreement had defendant failed to honor the terms and conditions set forth on the sales receipt. Under such circumstances, no unjust enrichment claim lies. As such, plaintiff's third cause of action should be dismissed.

**POINT IV**

**PLAINTIFF'S INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED AS WELL**

Plaintiff's fourth claim is for injunctive relief. This claim should be dismissed on several grounds. First, there is no injunctive cause of action under New York law or federal law. Instead, plaintiffs must allege some wrongful conduct on the part of the defendant which satisfies

the elements of a particular claim and for which an injunction is an appropriate remedy.  *See,O Zon Inc. v. Charles,* 272 F. Supp. 2d 307, 312 (S.D.N.Y. 1995).  As set forth above, plaintiff's underlying claims are without merit.  Accordingly, the injunctive relief claim should be dismissed.

Further, it is well settled that injunctive relief is inappropriate where there is an adequate remedy at law.  *See Bray v. City of New York*, 356 F. Supp. 2d 277, 286 (S.D.N.Y. 2004).  Here, plaintiff has an adequate remedy at law: the return of any restocking fee should the imposition of the fee be determined to be a deceptive business practice.

Accordingly, plaintiff, and the class she hopes to represent, possess no valid claim for injunctive relief, and her fourth cause of action should be dismissed.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that defendant's motion to dismiss plaintiff's complaint should be granted in its entirety.

Dated:  White Plains, New York
         September 10, 2007

                              **BLEAKLEY PLATT & SCHMIDT, LLP**

                    By:        /s Matthew G. Parisi
                              Matthew G. Parisi (MGP-2188)
                              *Co-Counsel for Circuit City Stores, Inc.*
                              One North Lexington Avenue
                              White Plains, New York 10601
                              Tel: 914-949-2700


                              Williams Mullen
                              A Professional Corporation
                              Turner A. Broughton (pending admission *pro hac vice*)
                              Calvin W. Fowler (pending admission *pro hac vice*)
                              *Co-Counsel for Defendant Circuit City Stores, Inc.*
                              Two James Center
                              1021 East Cary Street (23219)
                              P.O. Box 1320
                              Richmond, VA  23218-1320
                              Phone:  (804) 643-1991