UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,               07 Civ. 6123(DC)

                                    Plaintiff,

       -against-

CIRCUIT CITY STORES, INC.,

                                    Defendant.

------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.**
Attorneys for Plaintiff Ada Alicea
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 3 |
| ARGUMENT | | 6 |
| I | DEFENDANT HAS FAILED TO CARRY ITS BURDEN FOR DISMISSAL | 6 |
| II | PLAINTIFF HAS STATED A CLAIM UNDER NEW YORK LAW | 7 |
| | A. New York General Business Law § 349 | 7 |
| |    1. Circuit City's Failure To Disclose The Restocking Fee Prior To Purchase Constitutes A Deceptive Practice in Violation of GBL § 349 | 8 |
| |    2. Circuit City's Overall Business Practice Also Violates GBL § 349 | 9 |
| | B. The Unjust Enrichment Claim Is Not Duplicative of The Breach of Contract Claim | 13 |
| | C. Defendant's Attempt to Dismiss The Breach of Contract Claim Also Falls Wide of The Mark | 14 |
| CONCLUSION | | 16 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page**

*Bell Atl. Corp. V. Twombly,*
127 S.Ct. 1955, 1974 (May 21, 2007) .............................................................................. 7

*Boosey & Hawkes Music Publs., Ltd. V. Walt Disney Co.,*
15 F.3d 481, 487 (2d Cir. 1998) ..................................................................................... 15

*Cleveland v. Caplaw Enter.,*
448 F.3d 518 (2d Cir. 2006) ............................................................................................ 6

*Cohen v. J.P. Morgan Chase & Co.,*
No. CV-04-4098, 2005 U.S. Dist. LEXIS 45466,
*16 (E.D.N.Y. March 16, 2005) ....................................................................................... 8

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) ................................................................. 6

*Freedom Holdings, Inc. v. Spitzer,*
357 F.2d 205 (2d Cir. 2004) ............................................................................................ 6

*Gaidon v. Guardian Life Insurance Co of America,*
94 N.Y.2d 330 (1999) .................................................................................................... 12

*Harsco Corp. V. Segui,*
91 F.3d 337, 348 (2d Cir. 1996) .................................................................................... 14

*Labajo v. Best Buy Stores, L.P.,*
478 F.Supp.2d 523, 531 (S.D.N.Y. 2007) ..................................................................... 15

*Latman v. Costa Cruise Lines,*
758 So.2d 699 (Fla. 3rd DCA 2000) .............................................................................. 12

*Leider v. Ralfe,*
387 F.Supp.2d 283 (S.D.N.Y. 2005) ............................................................................... 9

*Lewis v. Hertz Corp.,*
581 N.Y.S.2d 305, 207 (1st Dept 1992) .......................................................................... 8

*Maurizio v. Goldsmith,*
230 F.3d 518, 521 (2d Cir. 2000) .................................................................................... 7

*MCI Worldcom Commc'ns, Inc. v. LD Wholesale Inc.*,
2002 WL 1483886, at *1 (S.D.N.Y. 2002) .................................................. 14

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
85 N.Y.2d 20, 25-26 (1995) ........................................................................ 7

*Perlman v. McDonald's Corp.*,
396 F.3d 508, 512 (20 Civ. 2005)) ............................................................. 7

*Relativity Travel, Ltd. v. JP Morgan Chase Bk.*,
831 N.Y.S.2d 349, 2006 WL 2918081,
at *3 (Sup. Ct. N.Y. Cty. Feb. 14, 2006) .......................................... 8, 11, 12

*Sands v. Ticketmaster*,
207 A.D.2d 687 (1st Dept. 1994) ............................................................ 8, 12

*Sims v. First Consumers National Bank*,
758 N.Y.S.2d 284, 286 (1st Dept. 2003) ................................................ 10, 12

*Slamow v. Del. Col.*,
79 N.Y.2d 1016, 1018 (1992) ................................................................... 15

*Slatt v. Slatt*,
64 N.Y.2d 966, 967 (1985) ....................................................................... 15

*Spitzer v. Applied Card Systems, Inc.*,
805 N.Y.S.2d 175 (3rd Dept. 2005) ............................................................. 6

*Sweierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) .................................................................................... 6

*Zuckerman v. BMG Direct Marketing, Inc.*,
290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't 2002) .................................... 9

*Zurakov v. Register.Com, Inc.*,
304 A.D.2d 176 (1st Dept 2003) ................................................................. 7

## OTHER AUTHORITIES

New York GBL § 349 ..................................................................................

28 U.S.C. §§ 1332, 1441, 1446, 1453 ........................................................

Plaintiff Ada Alicea ("Alicea" or "Plaintiff") submits this Memorandum of Law in opposition to Defendant Circuit City Stores, Inc.'s ("Circuit City" or "Defendant") motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This action challenges Circuit City's deceptive business practice concerning its return policy and imposition of an undisclosed "restocking fee" in the amount of 15% of the purchase price of certain returned items. As set forth in the Complaint, on May 8, 2007, Plaintiff selected and purchased a JVC camcorder and a blank VCR tape from one of Defendant's stores located in the Bronx, New York. The next day, Plaintiff returned the camcorder in an opened box. Upon Plaintiff's return of the camcorder, Defendant charged Plaintiff a $35.62 restocking fee.

The Complaint alleges that Alicea was the victim of Defendant's unfair and deceptive business practice of imposing an undisclosed and arbitrary "one-size fits all" 15% restocking fee upon consumers who return certain products. The Complaint asserts claims for violations of New York General Business Law § 349 ("GLB § 349"), unjust enrichment, breach of contract, and injunctive relief on behalf of Plaintiff and a class of tens of thousands of persons who have been charged a 15% restocking fee by Defendant from May 23, 2001 to the present.

The gravamen of Alicea's Complaint is that <u>before</u> a customer pays for merchandise at Circuit City, Circuit City does not disclose to its customers whether there are limits on the customer's ability to return the product. Indeed, <u>before</u> the customer pays for the products, Circuit City <u>does not disclose</u> that it will impose a

15% "restocking fee" on the customer if he or she returns the product. It is only <u>after</u> Circuit City completes the sale and has received the customer's money that Circuit City discloses any type of limitation on returning the merchandise and discloses any information about a restocking fee. This disclosure comes on the back of a foot-long receipt that customers receive <u>after</u> paying for their purchase.

In moving to dismiss the action, Defendant asserts that there is no actionable deceptive business practice because it "specifically discloses its restocking fees to customers." Defendant argues that so long as its customers are given notice of its 15% restocking fee program, it makes no difference whether customers received notice before or after they paid for their purchases.

As a matter of law, Defendant's argument is untenable. It is well established that to defeat a GBL § 349 claim, the defendant must prove that the practice in question is fully disclosed <u>prior</u> to purchase. In this case, it was not. Moreover, the overall nature of Defendant's business practice, from the inadequate manner in which the fee is disclosed, to the ultimate goal of obtaining an additional, undisclosed revenue stream for costs that are already factored into the price of the goods sold, states a claim for violation of GBL § 349. Consequently, Defendant's motion to dismiss Alicea's GBL § 349 claim is without merit. Moreover, Alicea has adequately set forth the elements and grounds for her unjust enrichment and breach of contract claims. Accordingly, this Court should reject Defendant's attempt to short-circuit this litigation, at a minimum, before Plaintiff has had a chance to engage in discovery and amend her pleading. Plaintiff has given Defendant sufficient notice of her claims and Defendant certainly has not shown -- as it must -- that Plaintiff cannot prove a set of facts that will entitle her to

relief.

## STATEMENT OF FACTS

This action arises out of Defendant's deceptive business practice regarding its imposition of an undisclosed "restocking fee" in the amount of 15% of the purchase price of certain returned items. On or around May 8, 2007, Plaintiff selected and purchased a JVC camcorder and a blank VCR tape from one of Defendant's stores located in the Bronx, New York. (Cmplt., ¶ 17.) The next day, on or around May 9, 2007, Plaintiff returned the camcorder in an opened box. (Cmplt., ¶ 18.) Upon Plaintiff's return of the camcorder, Defendant charged Plaintiff a $35.62 restocking fee. (Cmplt., ¶ 18.)

The actual cost to restock Plaintiff's camcorder, however, was not $35.62. Upon information and belief, the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price. Indeed, the restocking fee does not bear a reasonable relationship to the cost incurred by Defendant as a result of the product being restocked. (Cmplt., ¶ 19.) Rather, it is an arbitrary and undisclosed penalty imposed upon unsuspecting customers to create an additional revenue stream for the company. (Cmplt., ¶¶ 21-24.) Notably, other major retailers, such as Wal-Mart and Staples, do not charge a restocking fee, or any other fees, when customers return purchases.

Defendant failed to provide Plaintiff or any other customer with adequate notice regarding the restocking fee. (Cmplt., ¶ 24.) Upon Plaintiff's purchase of the camcorder, she was handed a foot-long receipt. (Cmplt., ¶ 12.) The back side of the receipt contains, among other things, Defendant's return guarantee policy: "[i]f you're not

completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below." (Cmplt., ¶ 12.) The terms of Defendant's return guarantee policy included the 15% restocking fee, which is imposed in the event that certain enumerated items, including camcorders, are returned: (1) "opened", or (2) "in a non-factory sealed box." (Cmplt., ¶ 13.) Defendant failed to apprise Plaintiff of its return guarantee policy and 15% restocking fee until after she paid for her purchase, at which time she was handed the receipt evidencing her purchase. (Cmplt., ¶¶ 12,13.)

At no time <u>before</u> Plaintiff purchased her camcorder did anyone at Circuit City disclose to her that the camcorder would be subject to a restocking fee if she returned the product, regardless of the reason for the return. There was no "conspicuous disclosure" on any sign or brochure that was given to Plaintiff before she paid for the merchandise. (Cmplt., ¶ 24.) There was no indication on the box of the camcorder itself that it was subject to a 15% restocking fee. Similarly, when Plaintiff paid for the purchase, the signature screen and the cash register failed to disclose the restocking fee. At no time <u>before</u> or during the transaction did Plaintiff sign any document agreeing to the restocking fee. Similarly, at no time <u>before</u> she paid for the camcorder did Plaintiff consent or agree (in writing or otherwise) that the product she was buying was a certain "enumerated item" subject to any limitations or special charges. (Cmplt., ¶ 24.) Only <u>after</u> the sale was completed did Circuit City provide Plaintiff with notice which

4

cryptically referred to a restocking fee on the back of the receipt.[1] Nevertheless, when Plaintiff returned the camcorder to Circuit City the following day, the store charged her a restocking fee in the amount of $35.62.

On May 23, 2007, Plaintiff filed a Summons and Class Action Complaint (the "complaint") in the Supreme Court of the State of New York, County of Bronx. The Complaint was brought by Alicea on behalf of a class of all persons who have been charged a 15% restocking fee upon return of a product purchased at Circuit City. (Cmplt., ¶ 24.) Defendant received a copy of the complaint on May 29, 2007, and by agreement of the parties, Defendant was deemed to have been served as of June 11, 2007. On June 29, 2007, Defendant filed a Notice of Removal of the action to the United States District Court, Southern District of New York (the "Notice of Removal"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the purported grounds of diversity jurisdiction pursuant to 28 U.S.C § 1332.

On July 27, 2007, Plaintiff filed a motion to remand this action back to the Supreme Court of the State of New York, Bronx County, in which it was originally commenced. The basis for remand is Defendant's failure to demonstrate by means of competent proof that it has satisfied the $5 million amount-in-controversy requirement under the Class Action Fairness Act of 2005 ("CAFA"). That motion has been fully briefed to this Court, and the Court has yet to rule on Plaintiff's motion.

Although discovery has not yet started in this case, discovery will show that

---

[1] Recognizing the inadequacy of its motion to dismiss, Defendant alleges in a footnote that, "[i]n all likelihood, plaintiff was well aware of the restocking fee prior to her purchase of the JVC camcorder," and that discovery will "establish that Circuit City's refund policy, including the imposition of a restocking fee, is conspicuously posted" in their stores. Def. Mem of Law In Support of Motion to Dismiss, p.7, n 2. In effect, Defendant has all but conceded that (1) there is a question of fact as to whether Plaintiff was aware of the of the 15% restocking fee prior to her purchase, and (2) that discovery will shed light on these key factual issues.

Circuit City intentionally engaged in this restocking fee scheme because it was incredibly lucrative, even if it misled customers. There have been numerous consumer complaints to the Federal Trade Commission about the scheme, and web sites are full of consumers who have complained about these unfair practices. Moreover, there is a class action against Circuit City currently pending in the United States District Court for the Middle District of Florida, in which the Court has already denied a similar motion to dismiss filed by Circuit City, and a class action pending in California as well

## ARGUMENT

### I.

### DEFENDANT HAS FAILED TO CARRY ITS BURDERN FOR DISMISSAL

A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Freedom Holdings Inc. v. Spitzer*, 357 F.2d 205, 216 (2d Cir. 2004). In reviewing a motion to dismiss pursuant to F.R.C.P. 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the Plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir.2006). The Court may not determine the merits of the Complaint at the motion to dismiss phase, as the sole issue is whether plaintiff is entitled to offer evidence in support of the claims alleged, not whether a plaintiff will prevail. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide notice of a claim by including in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. (8)(a)(2); *Sweierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). This simplified notice pleading statement relies

on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Perlman v. McDonald's Corp.*, 396 F.3d 508, 512 (2d Cir. 2005) (quotation omitted.) Thus, "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

II.

## PLAINTIFF HAS STATED A CLAIM UNDER NEW YORK LAW

A.    New York General Business Law § 349

New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business" that are consumer-oriented and which occur within New York State. As the Second Circuit recently reiterated, to state a claim under GBL § 349, a plaintiff must show that a "defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). "A deceptive act or practice 'is a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Zurakov v. Register.Com, Inc.*, 304 A.D.2d 176 (1st Dep't 2003), *quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25-26 (1995). Defendant does not contest that the challenged practice is consumer-oriented, or that the Plaintiff has been injured. Defendant's sole challenge is based upon its claim that the restocking fee was not deceptive or misleading.

7

1. **Circuit City's Failure To Disclose The Restocking Fee Prior To Purchase Constitutes A Deceptive Practice in Violation of GBL § 349**

Circuit City's business practices as they relate to the imposition of a 15% restocking fee violate GBL § 349 and constitute a "deceptive act or practice" because ***the fee is not fully disclosed prior to the sale of select merchandise***. See Spitzer v. Applied Card Systems, Inc., 805 N.Y.S.2d 175 (3rd Dep't 2005) (allegations that credit card limit not fully disclosed stated claim under GBL § 349); Sims v. First Consumers National Bank, 758 N.Y.S.2d 284, 286 (1st Dep't 2003)(allegations that credit card fees not fully disclosed stated claim under GBL § 349); Relativity v. JP Morgan Chase, 2006 WL 2918081 *2 (N.Y. Sup. Ct. 2006)(allegations that 3.5% surcharge not fully disclosed stated claim under GBL § 349); see also, Sands v. Ticketmaster-New York, Inc., 207 A.D.2d 687 (1st Dep't 1994)(upon a motion for summary judgment, the Court dismissed a GBL § 349 claim "since the record shows that these practices are *fully disclosed* prior to [the sale of tickets]") (citations omitted) (emphasis in original); Cohen v. J.P. Morgan Chase & Co., No. CV-04-4098, 2005 U.S. Dist. LEXIS 45466, *16 (E.D.N.Y. March 16, 2005)(Sifton, J.); Lewis v. Hertz Corp., 581 N.Y.S.2d 305, 207 (1st Dep't 1992)(granting summary judgment where practices were fully disclosed prior to purchase of rental car).

As alleged in the Complaint, consumers are not aware prior to consummating a purchase that Circuit City's return policy includes a restocking fee which will be assessed on certain returns. Because Circuit City has failed to provide Plaintiff or any other customer with adequate notice regarding the imposition of a restocking fee prior to purchase, Plaintiff and all others similarly situated have been injured by reason of this deceptive conduct. Here, assuming the truth of the allegations in the Complaint, Plaintiff has sufficiently alleged that consumers would be misled by Circuit City's practices with respect to the 15%

restocking fee.

Both *Leider v. Ralfe*, 387 F.Supp.2d 283 (S.D.N.Y. 2005) and *Zuckerman v. BMG Direct Marketing, Inc.*, 290 A.D.2d 330, 737 N.Y.S.2d 14 (1st Dep't 2002), cited by Defendant, are inapposite. In *Leider*, the plaintiffs asserted federal and state antitrust claims against the De Beers companies based upon their anti-competitive and monopolistic business practices in the diamond market. The plaintiffs also tacked on a 349 claim against the defendant diamond suppliers, alleging that the defendants engaged in an "intentional manipulation and boosting of the prices of diamonds and diamond jewelry," and made "false and misleading advertisements" and took "other misleading conduct" that caused plaintiffs to pay artificially inflated prices for diamonds. *Id.* at 293. The Court refused to certify the 349 claim, holding that although the defendants' conduct was reprehensible, it "was not secretive." By contrast, in the instant case, Plaintiff has alleged that the Defendant's restocking fee was an "undisclosed penalty" and that Plaintiff did not have notice of the restocking fee policy until after she made her purchase.

In *Zuckerman*, the court held that the plaintiff's claim "was not based on a failure to disclose charges." *Id.* at 16. Rather, the plaintiff's cause of action was premised solely upon certain statements that allegedly caused buyers to believe that the disclosed charges were not a "profit center." *Id.* Here, Alicea's 349 claim is based upon Defendant's failure to disclose its restocking fee policy prior to purchase of an item. Accordingly, *Zuckerman* is not pertinent to this case.

2.   Circuit City's Overall Business Practice Also Violates GBL § 349

Circuit City's failure to fully and adequately inform consumers of its restocking fee policy is clearly actionable under General Business Law GBL § 349. Circuit City argues that there can be no liability under Section 349 without either an affirmative

misrepresentation of fact, or an omission of a fact necessary to prevent some other affirmative representation from being false or misleading. That is not the law. Section 349(a) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . . ." In determining whether an act or practice is prohibited, courts focus on how the defendant's alleged deceptive conduct would be perceived by an ordinary consumer – an objective, not a subjective standard. Accordingly, this inquiry goes beyond Defendant's failure to inform purchasers of the restocking fee policy prior to a purchase, but also as to the means by which such policy is conveyed, and the nature of the underlying deceptive practice.

For example, the Appellate Division, First Department, reinstated a putative class action alleging that a bank's failure to conspicuously disclose its credit card fees violated General Business Law § 349. As the Appellate Division explained:

> The gist of plaintiffs' deceptive practices claim is that the typeface and location of the fee disclosures, combined with high-pressure advertising, amounted to consumer conduct that was deceptive or misleading . . . . Whether defendants' conduct was deceptive or misleading is a question of fact.

*Sims v. First Consumers Nat'l Bk.*, 758 N.Y.S.2d 284, 286 (1st Dep't 2003). Here, the notice is provided on the back of a foot-long receipt, approximately 2 inches from the top, in light gray, small typeface. The receipt is handed to a customer after they have consummated a purchase, and presumably depart from the check-out line and the store. By hiding the restocking fee program in this manner, Defendant is able to enjoy an additional, undeserved revenue stream that has no relationship with the cost of restocking returned goods.

Similarly, another New York case upheld a consumer fraud claim alleging that a bank failed to adequately disclose its foreign currency conversion surcharges, even though

10

the charges were set forth in a document provided to customers when they opened their accounts. As the court explained, "The issue is not simply whether the [document containing the disclosures] was deceptive, but whether [defendant's] overall business practices in connection with the charge were deceptive." *Relativity Travel, Ltd. v. JP Morgan Chase Bk.*, 831 N.Y.S.2d 349, 2006 WL 2918081, at *3 (Sup. Ct. N.Y. Cty. Feb. 14, 2006). "Viewing [defendant's] practices as a whole," the court found the allegations of a Section 349 violation sufficient. *Id.*; *see also Spitzer v. Applied Card Systems, Inc.*, 805 N.Y.S.2d 175, (3d Dept. 2005) (upholding Section 349 claim based on solicitation stating that consumers were pre-approved for credit "up to" stated limits, when most consumers would receive far less, because "a reasonable consumer would be misled . . . .").

In all these cases, the challenged disclosures were more specific, accurate, and timely than anything Circuit City purportedly tells its customers about its restocking fee policy. Yet in each case, the court held that plaintiffs stated a Section 349 claim based on an overall practice or pattern of conduct that was likely to mislead a reasonable consumer. Here, Circuit City's alleged practice of charging restocking fees without adequate disclosure (or any at all) is not only actionable, but is ideally suited to a class action because both the restocking fee policy, and the purported disclosures, apply equally to all Class members.

Defendants dispute that they do not fully disclose the imposition of a restocking fee, and argue primarily that Plaintiff's allegations that Circuit City engaged in deceptive conduct in violation of GBL 349 cannot be true because "Plaintiff received a sales receipt, and specific notice of Circuit City's return policy, well in advance of her decision to open the box containing the JVC camcorder." Contrary to Defendants' assertion, however, exactly because Plaintiff did not receive "notice" until <u>after</u> purchasing the camcorder, Circuit City's business practice as it relates to the imposition of the restocking fee is objectively

deceptive. The issue is not simply whether Circuit City provided any notice in imposing a restocking fee, but whether Circuit City's overall business practices in connection with the fee is deceptive. *Relativity v. JP Morgan Chase*, 2006 WL 2918081 *2 (N.Y. Sup. Ct. 2006), citing *Gaidon v. Guardian Life Insurance Co of America*, 94 N.Y.2d 330 (1999).

Stated differently, consumers – including Plaintiff – are not given the opportunity to make an informed decision prior to purchase as they are not provided with the requisite notice under GBL 349 regarding the imposition of a restocking fee if they choose to return the product. Viewing Circuit City's practices as a whole, including the failure to fully disclose the fee prior to purchase and disclosing the fee only on the reverse of the receipt, establishes a *prima facie* case under GBL 349. Id.

Moreover, in light of Circuit City's practices, the term "restocking fee" is a misnomer. The plain, layperson's definition of "restocking fee" is a fee assessed to cover the expenses incurred to place a returned item back on the shelf for resale. In reality however, Circuit City does not assess "restocking fees" to cover "restocking" costs; instead, it is imposing the fee to help offset the lower amount at which the item is likely to be resold. Thus, it is Plaintiff's contention that a 15% fee to pay for nominal "restocking" costs is excessive and the imposition of such a fee constitutes deceptive business practices under GBL § 349. See, e.g., *Latman v. Costa Cruise Lines*, 758 So.2d 699 (Fla. 3rd DCA 2000)(Florida Consumer Fraud Act was violated when cruise line charged a "port charge" in excess of the amount that was actually paid out to third parties, and kept a portion for itself).

Finally, "[w]hether defendants' conduct was deceptive or misleading [under GBL 349] is a question of fact." *Sims v. First Consumers National Bank*, 758 N.Y.S.2d 284, 286 (1st Dept. 2003). As the holdings of *Sands* and *Weil v. Long Island Savings Bank*, 77 F.Supp.2d 313, 324 (n.4) (E.D.N.Y. 1999) indicate, the appraisal of the deceptive

12

practices require a thorough inquiry into the facts alleged, and therefore is better suited for disposition on a motion for summary judgment, and not on a motion to dismiss pursuant to Rule 12(b)(6)

Here, the parties are in dispute with regards to whether or not Circuit City engaged in actionable deception. The Complaint alleges that because the restocking fee is unrelated to the actual costs of restocking the returned items, it is unreasonable and excessive. (Cmplt. ¶ 20). The Complaint also alleges that the 15% restocking fee is an undisclosed penalty that creates an additional, improper revenue stream for Circuit City. (Cmplt. ¶ 21.) Plaintiff has also alleged that Defendant does not provide "conspicuous disclosure" of its "unfair and deceptive scheme." (Cmplt. ¶ 24.) Plaintiff also contends that the means by which the "notice" of the restocking fee is imparted to customers, are inadequate, based upon both the timing of the disclosure (after purchase) and also based upon the location of the notice (the back of the receipt), the color and size of the typeface, and the lack of any other disclosure in the Defendant's stores. Defendant argues, however, that its disclosure was adequate, and that "the facts will bear out [the] conspicuously posted refund policy and restocking fee signs at Circuit City stores." (Def. Mem. at p. 9). In light of the myriad facts that are in dispute, Plaintiff's allegations regarding Defendants' deceptive conduct should not be dismissed at the pleading stage.

### B. The Unjust Enrichment Claim Is Not Duplicative of The Breach of Contract Claim

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because a contract exists between the parties, and, therefore, the unjust enrichment claim must be duplicative. Defendant is wrong. When there is a bona fide dispute as to

the existence of a contract, a party may proceed upon a theory of unjust enrichment, and an unjust enrichment claim may be alleged alongside a breach of contract claim. *Labajo v. Best Buy Stores, L.P.*, 478 F.Supp.2d 523, 531 (S.D.N.Y. 2007). "This is permissible under the liberal alternative pleading policy under Rule 8(e)(2) of the Federal Rules." *Id.*; See *MCI Worldcom Commc'ns, Inc. v. LD Wholesale Inc.*, 2002 WL 1483886, at *1 (S.D.N.Y. 2002). Accordingly, Plaintiff's assertion of a breach of contract claim does not preclude her from pleading an unjust enrichment claim in the alternative.

C. Defendant's Attempt to Dismiss The Breach of Contract Claim Also Falls Wide of The Mark

To state a claim for breach of contract under New York law, a complaint must allege: (1) the existence of an agreement; (2) the plaintiff's adequate performance of that agreement; (3) a breach by the defendant; and (4) damages. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). Plaintiff has adequately plead all four elements of her breach of contract claim.

As alleged in the Complaint, Plaintiff was not adequately or fully informed prior to purchase of the imposition of a restocking fee should she choose to return merchandise. As such, she intended to purchase a digital camera with the proviso that should she choose to return it, she would receive a refund of the entire purchase price. In consideration of these terms and the camera itself, Plaintiff tendered the purchase amount to Circuit City. Moreover, upon purchase of the camera, Plaintiff was presented with a sales receipt which states on its reverse Circuit City's return guarantee: "If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale date, except as noted below." Thus, Circuit City breached the purchase contract with Plaintiff by not refunding the full purchase price of

14

the camera. Stated differently, the terms of the contract which Circuit City breached includes, in part, Defendant's agreement with Plaintiff and the Class to exchange or refund within 30 days of purchase any item if not completely satisfied. Although Plaintiff was not satisfied with her purchase, Circuit City refused to honor its return guarantee by charging Plaintiff an inadequately disclosed restocking fee in the amount of 15% of the purchase price.

A fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. See *Slatt v. Slatt,* 64 N.Y.2d 966, 967 (1985). "The best evidence of what parties to a written agreement intend is what they say in their writing." *Slamow v. Del. Col.,* 79 N.Y.2d 1016, 1018 (1992). Indeed, "[i]f the contract is more reasonably read to convey one meaning, the party benefitted by that reading should be able to rely on it; the party seeking exception or deviation from the meaning reasonably conveyed by the words of the contract should bear the burden of negotiating for language that would express the limitation or deviation." *Boosey & Hawkes Music Publs., Ltd. V. Walt Disney Co.,* 145 F.3d 481, 487 (2d Cir. 1998).

Here, Defendant asserts that no agreement exists between the parties, and therefore no breach of contract cause of action may be maintained by Plaintiff. This is false. An agreement was entered into by the parties when Plaintiff tendered payment for her merchandise and was given a written receipt. The terms of the sale and any potential return of merchandise, along with the receipt, is unequivocal and unambiguous: should Plaintiff wish to return merchandise for any reason whatsoever, Circuit City would refund the full purchase price. Indeed, because Plaintiff was not told prior to purchase that a restocking fee may be assessed if she chose to return the item, and because the receipt offered Plaintiff a money back guarantee, Circuit City has

breached its contract with Plaintiff, and caused damage thereby.

## CONCLUSION

For all the foregoing reasons, the Complaint's three counts satisfy the liberal pleading requirements of Rule 8 and place Defendant on notice of Plaintiffs claims. As such, Defendant has failed to satisfy its burden on this motion, and the Court should deny Defendant's motion and award such other and further relief as the Court may deem just and proper.

Dated:   October 25, 2007
         White Plains, New York

                              MEISELMAN, DENLEA, PACKMAN,
                              CARTON & EBERZ, P.C.


                              By:   /s/ Jeff Carton
                              Jeffrey I. Carton (JC-8296)
                              Jerome Noll (JN-7542)
                              John B. Dawson (JD-2709)
                              1311 Mamaroneck Avenue
                              White Plains, New York 10605
                              Tel: (914) 517-5000
                              Fax: (914) 517-5055

00200256.doc                     Attorneys for Plaintiff