UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ADA ALICEA, on Behalf of Herself
and all Others similarly situated,

         Plaintiff,

                   07 CIV 6123 (DC)

  - *against* -

CIRCUIT CITY STORES, INC.

         Defendant
------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**BLEAKLEY PLATT & SCHMIDT, LLP**

*Co-Counsel for Defendant*
*Circuit City Stores, Inc.*
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700

**WILLIAMS MULLEN**
A Professional Corporation
*Co-Counsel for Defendant*
*Circuit City Stores, Inc.*
Two James Center
1021 East Cary Street (23219)
P.O. Box 1320
Richmond, Virginia 23218-1320
(804) 643-1991

# TABLE OF CONTENTS

Page (s)

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

POINT I     DESPITE HER NEW ALLEGATIONS, PLAINTIFF HAS FAILED TO ESTABLISH THAT CIRCUIT CITY ENGAGED IN A DECEPTIVE BUSINESS PRACTICE ................................................ 2

       A.    Plaintiff's Newfound Argument Regarding the Timing of the Restocking Fee Disclosure is Meritless .............................................................................. 2

       B.    Plaintiff's Newfound Argument Regarding Circuit City's "Overall Business Practice" is Likewise Meritless ................................................. 5

POINT II    PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE IT IS INDISTINGUISHABLE FROM HER BREACH OF CONTRACT CLAIM AND A VALID CONTRACT EXISTS BETWEEN THE PARTIES .............................................................. 7

POINT III   PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS BECAUSE PLAINTIFF FAILS TO ASSERT ANY FACTS THAT DEMONSTRATE CIRCUIT CITY BREACHED ITS "UNEQUIVOCAL AND UNAMBIGUOUS" AGREEMENT WITH PLAINTIFF ................................................................................................ 8

POINT IV   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS PROVIDE AN ADEQUATE REMEDY AT LAW ............................................................................ 10

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

Boosey & Hawkes Music Publs., Ltd. v. Walt Disney Co., ........................................................ 9
145 F.3d 481 (2d Cir. 1998)

Carlos v. Santos, .................................................................................................................... 10
123 F.3d 61 (2d Cir. 1997)

Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., ............................................................................. 8
70 N.Y.2d 382, 389 N.E.2d 190 (N.Y. 1987)

Fonte v. Bd. of Managers of Continental Towers Condominium, ........................................ 3-5
848 F.2d 24 (2d Cir. 1988)

Gaidon v. Guardian Life Ins., ............................................................................................... 6, 7
4 N.Y.2d 330, 704 N.Y.S.2d 177 (1999)

Greenwood v. Daily News, L.P., ............................................................................................ 9
2005 WL 1389052 (N.Y. Sup. Ct. June 7, 2005)

Lewis v. Hertz Corp., ............................................................................................................... 4
181 A.D.2d 493, 581 N.Y.S.2d 305 (1st Dep't 1992)

Relativity Travel, Ltd. v. JP Morgan Chase, .................................................................... 4, 6, 7
2006 WL 2918081, 2006 N.Y. slip op. 51926(U) (N.Y. Sup. Ct. Feb. 14, 2006)

Reuben H. Donnelly Corp. v. Mark I. Mktg. Corp., ............................................................ 10
893 F. Supp. 285 (S.D.N.Y. 1995)

Richards v. AXA Equitable Life Ins. Co., ............................................................................ 7, 8
2007 WL 3084968 (S.D.N.Y. Oct. 22, 2007)

Sands v. Ticketmaster-New York, Inc., ................................................................................... 4
207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't 1994)

Sims v. First Consumers Nat'l Bank, .................................................................................. 4-6
303 A.D.2d 288, 758 N.Y.S.2d 284 (1st Dep't 2003)

Singer Asset Finance Company, LLC v. Melvin, ................................................................... 7
33 A.D.3d 355, 822 N.Y.S.2d 68, 71 (1st Dep't 2006)

Slamow v. Del. Col., ................................................................................................................ 9
79 N.Y.2d 1016, 594 N.E.2d 918, 919 (1992)

Spitzer v. Applied Card Sys., Inc., ..................................................................................... 4, 6, 7
27 A.D.3d 104, 805 N.Y.S.2d 175 (3d Dep't 2005)

Westinghouse Elec. Corp. v. New York City Transit Auth., ......................................................... 9
82 N.Y.2d 47, 623 N.E.2d 531, 535 (N.Y. 1993)

## PRELIMINARY STATEMENT

Ms. Alicea, in a bid to salvage her defective Complaint, attempts in her Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint to recraft her allegations and plead new facts. For the first time in this litigation, Plaintiff contends that the _timing_ of the notice she received of the restocking fee was somehow deceptive. This argument is meritless for two reasons. First, this Court need not take cognizance of baldly asserted new allegations in a memorandum designed to defeat a motion to dismiss a complaint that fails to state a valid cause of action. Second, the notice provided on the receipt itself is adequate to apprise a reasonable purchaser of the terms of the refund policy before the customer opens the product and potentially incurs the restocking fee.

Additionally, for the first time in her Memorandum in Opposition, Plaintiff alleges that Circuit City's "overall business practice" somehow violates New York General Business Law (NY GBL) § 349. This contention also suffers from two flaws. First, it relies on facts not pled in the Complaint and, therefore, may properly be disregarded by this Court. Second, Plaintiff fails to establish that there are, in fact, multiple factors that together constitute an "overall business practice" in violation of NY GBL § 349. As in the Complaint, Plaintiff's issue is with the restocking fee itself. Such a contention is properly disposed of in Defendant's Motion to Dismiss.

Plaintiff's arguments with respect to the unjust enrichment claim and breach of contract claim are defective on their face. An unjust enrichment claim may not lie where a contract has been alleged and not disputed. Despite Plaintiff's inaccurate statements to this Court to the contrary, there is no dispute as to the existence of a contract between the parties, only as to the terms. Therefore, the unjust enrichment claim is barred.

Even a cursory review of Plaintiff's argument in support of her breach of contract claim establishes its meritlessness. She falsely claims that "Defendant asserts that no agreement exists between the parties"

and then disingenuously omits terms from the very contract at issue. This case revolves around the contract actually entered – not the contract Plaintiff wishes she had entered.

Plaintiff failed even to mount an argument with respect to her claim for injunctive relief. In the absence of such rebuttal, the claim appears to have been waived. Even if it is not, it fails because this is fundamentally a contract claim (albeit a contract that was not breached), and therefore an adequate remedy at law exists.

## ARGUMENT

### POINT I

### DESPITE HER NEW ALLEGATIONS, PLAINTIFF HAS FAILED TO ESTABLISH THAT CIRCUIT CITY ENGAGED IN A DECEPTIVE BUSINESS PRACTICE

A. **Plaintiff's Newfound Argument Regarding the Timing of the Restocking Fee Disclosure is Meritless**

1. This Court Need Not Take Cognizance of Facts Not Pled in the Complaint

Throughout her Complaint, Plaintiff has alleged that the restocking fee of Circuit City is *per se* a violation of NY GBL § 349. For example, the title of her argument section is labeled "A Fee Of 15% To Restock An Item Is Unreasonable And Constitutes a Penalty." (Compl. at 4.) See also Compl., ¶¶ 1 ("This action seeks redress for a deceptive and otherwise improper business practice that Defendant . . . engages in with respect to its return policy and imposition of a 'restocking fee'"), 2 ("Plaintiff . . . upon returning an opened item [has] been charged a "restocking fee"), 4 ("a Restocking Fee in the amount of 15% is grossly disproportionate to the costs actually incurred"), 16 ("The amount of the Restocking Fee . . . is not a reasonable estimate of the anticipated or actual cost . . . and it is imposed without regard to the price of the item returned"), 19 ("the actual cost incurred by Circuit City to restock any returned item is significantly less than 15% of the purchase price of the product"), 20 ("the Restocking Fee does not bear a reasonable relationship to the cost incurred . . . nor is it a reasonable estimate of that cost. [B]ecause the Restocking Fee

2

is unrelated to the actual cost of 'restocking' . . . the amount charged . . . is unreasonable and almost always excessive"), 22 ("collection of restocking fees constitutes a double recovery"), and 23 (the "Restocking Fee represents a deliberate profit-making scheme").

Belatedly recognizing that her allegations fail in the face of Defendant's Motion to Dismiss, Plaintiff attempts to recast her argument with a temporal component. Plaintiff now asserts that the "gravamen of [her] Complaint is that <u>before</u> a customer pays for merchandise at Circuit City, Circuit City does not disclose to its customers whether there are limits on the customer's ability to return the product." (Pl. Memo. in Opp. at 1.) Plaintiff rests this new argument on paragraph 24 of the Complaint.[1] (See Pl. Memo. in Opp. at 4-5.) That paragraph states, in its entirety:

> **As referred to above**, no adequate notice, consent or bargained-for approval has been granted by Plaintiff or other consumers who choose to return certain enumerated products and are charged a 15% Restocking Fee. Nor does Circuit City provide conspicuous disclosure of its unfair and deceptive scheme of charging a 15% Restocking Fee on certain products returned open or in a non-factory sealed box.

(Compl., ¶ 24 (emphasis added).) Paragraph 24 is insufficient to defeat the Motion to Dismiss. Nothing in the first 23 paragraphs of the Complaint mentioned a temporal component. Thus, the gravamen of the Complaint is that the restocking fee **itself** is deceptive and unfair.

Despite Plaintiff's newfound argument regarding the timing of the receipt in the transaction, this Court may nevertheless dispose of this matter pursuant to the pending motion. Rule 12(b)(6) of the Federal Rules of Civil Procedure gives the District Courts the option to exclude the additional material raised in supporting memoranda or supplementary affidavits and decide the case on the Complaint alone. <u>Fonte v.</u>

---

[1] In her Memorandum in Opposition, Plaintiff contends that she "has alleged that the Defendant's restocking fee was an 'undisclosed penalty' and that Plaintiff did not have notice of the restocking fee until after she made her purchase." (Pl. Memo. in Opp. at 9.) While Plaintiff did allege that the restocking fee was an "undisclosed penalty" (see Compl., ¶ 21), at no point did she allege anything regarding the timing of notice in reference to her purchase. The "undisclosed penalty" language referred to the nature of the restocking fee itself. For the Plaintiff to suggest otherwise at this stage in the litigation is disingenuous.

3

Bd. of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir. 1988). In this case, Plaintiff has failed even to attach any sworn statement with respect to the new facts pled in her Memorandum, and Circuit City respectfully requests that the Court ignore such "facts."

> 2. The Restocking Fee was Disclosed to Plaintiff Well in Advance of Her Incurring the Charge

Even if this Court accommodates these new allegations, Plaintiff has nevertheless failed to demonstrate that the temporal component of the disclosure is related to the harm she alleges. The cases upon which she relies for her newly discovered argument are inapposite. In Spitzer v. Applied Card Sys., Inc., 27 A.D.3d 104, 805 N.Y.S.2d 175 (3d Dep't 2005); Sims v. First Consumers Nat'l Bank, 303 A.D.2d 288, 758 N.Y.S.2d 284 (1st Dep't 2003); and Relativity Travel, Ltd. v. JP Morgan Chase, 2006 WL 2918081, 2006 N.Y. slip op. 51926(U) (N.Y. Sup. Ct. Feb. 14, 2006), the relevant act inflicting the harm under NY GBL § 349 was the consummation of the transaction between customer and merchant. See also Sands v. Ticketmaster-New York, Inc., 207 A.D.2d 687, 616 N.Y.S.2d 362 (1st Dep't 1994); Lewis v. Hertz Corp., 181 A.D.2d 493, 581 N.Y.S.2d 305 (1st Dep't 1992). Once the customers entered those contracts, they had already obligated themselves to the provisions.

In this case, however, the purchase of a product subject to a restocking fee inflicts no harm on the consumer. Even if Plaintiff willfully ignored her receipt, she did not do anything to **incur** the fee until she opened the box.[2] For 14 days, Plaintiff had an unfettered right to return her purchase in its unopened box for a full refund. Thus, that she acquired the receipt after tendering her money is of no moment. If she had a

---

[2] In her Memorandum in Opposition, Plaintiff erroneously contends that Circuit City has "all but conceded" that there is a question of fact whether Plaintiff was aware of the restocking fee by noting that Circuit City posts adequate signage in accordance with NY GBL § 218-a. (See Pl. Memo. in Opp. at 5 n.1.) This observation by Circuit City, which demonstrates the ultimate fruitlessness of Plaintiff's action, does not "concede" that there are questions of fact. Defendant takes the Complaint – and the additional facts and contentions raised in Plaintiff's Memorandum in Opposition – as alleged. Although inaccurate and weighted in Plaintiff's favor, these facts and allegations nevertheless fail to state a cause of action.

4

quarrel with the imposition of the 15% restocking fee clearly disclosed on the receipt, she could have returned her purchase instantly – or up to two weeks later – without incurring the extra charge. Therefore, the newly-raised temporal element of the disclosure is inapplicable to the allegations in Plaintiff's Complaint and cannot defeat the Motion to Dismiss.

### B. Plaintiff's Newfound Argument Regarding Circuit City's "Overall Business Practice" is Likewise Meritless

As noted above, the gravamen of Plaintiff's Complaint is that the restocking fee is a penalty in that it is not reasonably related to the cost of restocking an item. (See, e.g., Compl. at 4 ("A Fee Of 15% To Restock An Item Is Unreasonable And Constitutes a Penalty"). In spite of NY GBL § 218-a, which specifically contemplates that a company may impose a restocking fee so long as it provides notice in compliance with the terms of the statute, Plaintiff alleges in the Complaint that the restocking fee charged by Circuit City is per se a violation of NY GBL § 349 – **not** because how it is implemented, but because of its **existence**. Hoping to expand its allegations in a post hoc fashion, Plaintiff now contends that Circuit City's "Overall Business Practice" violates NY GBL § 349. In so arguing, however, Plaintiff simply recycles its assertions previously made: (1) that the restocking fee bears no relationship to the cost of restocking, (2) that the restocking fee is not disclosed until after purchase, and (3) that the restocking fee creates an improper revenue stream. Without reference to the Complaint (because no references exist), Plaintiff now raises the timing of the disclosure (as noted above) and its appearance. The Court is under no obligation to give any credence to these unsworn contentions absent from the Complaint. Fonte, 848 F.2d at 25.

As with her temporal argument, Plaintiff fails to craft a meaningful contention that Circuit City's overall business practice violates NY GBL § 349. A review of the cases cited in the Memorandum in Opposition establishes that a single facet of a consumer transaction does not qualify as an "overall business practice." She relies on Sims to support her contention that the caliber of notice provided on the receipt, alone, is sufficient to demonstrate a violation. (Pl. Memo. in Opp. at 10.) This is incorrect. The issues in

5

Sims were significantly different in both quantity and quality. In that case, plaintiffs claimed the bank: (1) used high-pressure sales tactics, (2) targeted individuals who had trouble accessing credit, (3) used advertisements that omitted the existence of the fees, and (4) disclosed the fees only after an applicant was approved, and then in smaller-than-average typeface for the document. Sims, 303 A.D.2d at 289, 758 N.Y.S.2d at 285. It was only when the fee disclosures were "**combined with high-pressure advertising**," which included aggressive sales tactics, predatory customer targeting, and omissions from advertisements, that the bank's actions "amounted to consumer conduct that was deceptive or misleading in a material way." Id. at 289, 758 N.Y.S.2d at 286. Plaintiff has made no similar allegations in this case, either in the Complaint or afterward. She has relied entirely on the restocking fee disclosed on the receipt.

  The common thread that Plaintiff ignores with respect to those cases finding a violation of NY GBL § 349 predicated on "overall business practices" is that no single action or item in any of the cited cases was dispositive. Only after the discrete acts were aggregated did a violation arise. See Relativity Travel, 2006 N.Y. slip op. 51926(U) at 2-4 (holding violation existed because, unlike similar and related fees, 3.5% surcharge: (1) was not separately labeled on monthly statement, (2) was not listed in "Fee schedule," (3) was omitted from website, (4) was not disclosed to customer service representatives, and (5) was disclosed only in a document consisting of 25 pages of fine print); Applied Card Sys., 27 A.D.3d at 105-07, 805 N.Y.S.2d at 177-8 (holding violation existed because bank: (1) targeted those who are otherwise unable to qualify for credit, (2) represented in direct mail solicitations that consumers would be eligible for credit limit of $2,500 when in fact limits were often less than $400, (3) concealed in printed material likelihood of consumer receiving credit limits above minimum, and (4) engaged in telemarketing that concealed credit limits usually granted); Gaidon v. Guardian Life Ins., 94 N.Y.2d 330, 704 N.Y.S.2d 177 (1999) (holding violation existed because insurance company: (1) encrypted disclaimers behind arithmetic adjustments, (2) marketed policies for "vanishing premiums" that likely would not "vanish" as alleged, (3) inaccurately created expectation of

6

firm timetable regarding insurance premiums, (4) affirmatively knew its projections were unreasonable, (5) trained salespeople to make presentations in ways that could deceive, and (6) instructed agents with videotape recommending duplicitous techniques).

It was only upon "[v]iewing Chase's practices as a whole," Relativity Travel, 2006 N.Y. slip op. 51926(U) at 4, and "[r]eviewing the[] solicitation offers as a whole," Applied Card Sys., 27 A.D.3d at 107, 805 N.Y.S.2d at 178, that New York courts determined that a prima facie case for a violation of NY GBL § 349 existed. Further, the decision in Gaidon was expressly "based on deceptive business practices, **not on deceptive contracts**." 94 N.Y.2d at 345 (emphasis added).

Plaintiff in this case has alleged no similar multifaceted strategy comprised of individualized business practices. Indeed, Plaintiff's own references to the return policy **concede** the restocking fee is disclosed concurrently. (See Compl., ¶¶ 12, 13; Pl. Memo. in Opp. at 3-4.) Her dispute is only with the restocking fee's **existence**. This single issue fails to qualify as an "overall business practice."

## POINT II

### PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED BECAUSE IT IS INDISTINGUISHABLE FROM HER BREACH OF CONTRACT CLAIM AND A VALID CONTRACT EXISTS BETWEEN THE PARTIES

Plaintiff's unjust enrichment claim is duplicative of her breach of contract claim. A claim of unjust enrichment cannot be sustained where a valid written contract governs the relationship between the parties. Richards v. AXA Equitable Life Ins. Co., 2007 WL 3084968, at *5 (S.D.N.Y. Oct. 22, 2007); see also Singer Asset Finance Company, LLC v. Melvin, 33 A.D.3d 355, 358, 822 N.Y.S.2d 68, 71 (1st Dep't 2006) (holding that existence of valid and enforceable written contract barred plaintiff's recovery for unjust enrichment claim). Circuit City does not dispute that a valid, enforceable contract exists; Circuit City refers to the sales receipt as both a contract and an agreement. (See Def.'s Mem. in Supp. at 1, 10.) Both parties, then, agree that the language on the back of the sales receipt forms a contract between the parties. Because

7

there is no dispute whether a contract exists, the sales receipt governs the relationship between the parties, and any enrichment that may have occurred was solely pursuant to the terms of the receipt. See Richards, 2007 WL 3084968, at *5.

Additionally, where the scope of the contract clearly covers the dispute between the parties, an unjust enrichment claim will not lie. Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 389, 516 N.E.2d 190 (N.Y. 1987). Plaintiff disputes Circuit City's restocking fee policy as it applied to the camcorder she purchased and subsequently returned to Circuit City. The contract between Circuit City and Plaintiff covers this dispute. The sales receipt containing the contract states the terms and conditions of the sale and return of the camcorder, including applying a restocking fee to the camcorder. An unjust enrichment claim, then, is not available to her.

While Plaintiff asserts that Rule 8(e)(2) allows pleading claims in the alternative, "where the alleged inequitableness of [the defendant's] enrichment is indistinguishable from the alleged breach of contract, the Court need not delay dismissal of the [unjust enrichment] claim until discovery demonstrates what both parties expressly agree to be the case." Richards, 2007 WL 3084968, at *5. Plaintiff's breach of contract and unjust enrichment claims are indistinguishable. Both claims arise from the language on the back of the Circuit City sales receipt regarding the return policy and restocking fee. Plaintiff's unjust enrichment claim should be dismissed.

## POINT III

**PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS BECAUSE PLAINTIFF FAILS TO ASSERT ANY FACTS THAT DEMONSTRATE CIRCUIT CITY BREACHED ITS "UNEQUIVOCAL AND UNAMBIGUOUS" AGREEMENT WITH PLAINTIFF**

Plaintiff has failed to allege any facts that demonstrate that Circuit City has breached its contract with Plaintiff. Plaintiff correctly asserts that an agreement exists between the parties: should Plaintiff wish to return merchandise for any reason whatsoever, Circuit City would refund the full purchase price.

8

Plaintiff, however, completely ignores the "except as noted below" clause and subsequent language describing the restocking fee policy, which is stated on the receipt and is part of the agreement. Parties to an agreement cannot ignore certain terms merely to support a favorable interpretation of the agreement. See Greenwood v. Daily News, L.P., 2005 WL 1389052, at *3-4 (N.Y. Sup. Ct. June 7, 2005) (holding that contest winners could not ignore clear language in contract that limited number of prizes available to contestants in interpreting contract); see also Westinghouse Elec. Corp. v. New York City Transit Auth., 82 N.Y.2d 47, 56, 623 N.E.2d 531, 535 (N.Y. 1993) (stating that contract law does not allow party to "pick and choose among the provisions of its contract"). Plaintiff, then, cannot ignore the contract provision containing the restocking fee policy in her breach of contract claim.

As Plaintiff stated in her opposition, "the best evidence of what parties to a written agreement intend is what they say in their writing." Slamow v. Del. Col., 79 N.Y.2d 1016, 1018, 594 N.E.2d 918, 919 (1992). Plaintiff also points out that "the party seeking exception or deviation from the meaning reasonably conveyed by the words of the contract should bear the burden of negotiating for language that would express the limitation or deviation." Boosey & Hawkes Music Publs., Ltd. v. Walt Disney Co., 145 F.3d 481, 487 (2d Cir. 1998). In describing the contract between Circuit City and herself, Plaintiff even states that it is "unequivocal and unambiguous." (Pl. Mem. in Opp. 15.) In fact, the contract states that Circuit City will refund a purchase within thirty days, "except as noted below." What is noted below is that certain non-defective merchandise, including camcorders, is subject to a restocking fee of 15% of the purchase price if returned in an opened box. The meaning reasonably conveyed by the words of this contract is that Circuit City will refund a purchase within thirty days, unless it is a selected item, and then that item is subject to a restocking fee. Plaintiff's allegations contain no facts that demonstrate Circuit City did not comply with the terms of the contract. Plaintiff's breach of contract claim, then, should be dismissed.

POINT IV

PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS PROVIDE AN ADEQUATE REMEDY AT LAW

Injunctive relief is inappropriate where an adequate remedy at law exists. Carlos v. Santos, 123 F.3d 61, 67 (2d Cir. 1997). Here, an adequate remedy at law is available: the return of any restocking fee. Additionally, Plaintiff has not alleged any wrongful conduct on the part of Circuit City that would permit an injunction to be an appropriate remedy. Reuben H. Donnelly Corp. v. Mark I. Mktg. Corp., 893 F. Supp. 285, 293 (S.D.N.Y. 1995). Plaintiff alleges that Circuit City simply abided by the terms of its restocking fee policy. Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

CONCLUSION

Based upon the foregoing, it is respectfully submitted that Defendant's Motion to Dismiss Plaintiff's Complaint should be granted in its entirety.

Dated: White Plains, New York
       November 5, 2007

                                    BLEAKLEY PLATT & SCHMIDT, LLP

                            By:     _____
                                    Matthew G. Parisi (MGP-2188)
                                    *Co-Counsel for Circuit City Stores, Inc.*
                                    One North Lexington Avenue
                                    White Plains, New York 10601
                                    Tel: 914-949-2700

                                    **WILLIAMS MULLEN**, A Professional Corporation
                                    Turner A. Broughton
                                    Calvin W. Fowler, Jr.
                                    *Co-Counsel for Defendant Circuit City Stores, Inc.*
                                    Two James Center
                                    1021 East Cary Street (23219)
                                    P.O. Box 1320
                                    Richmond, VA 23218-1320
                                    Phone: (804) 643-1991

1524243v2

10