USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ADA ALICEA, on behalf of herself
and all others similarly situated,

          Plaintiff,

   - against -

CIRCUIT CITY STORES, INC.,

          Defendant.

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

07 Civ. 6123 (DC)

**APPEARANCES:**   MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
                Attorneys for Plaintiffs
                    By:  Jeffrey I. Carton, Esq.
                         Jerome Noll, Esq.
                         John B. Dawson, Esq.
                1311 Mamaroneck Avenue
                White Plains, New York  10605

                BLEAKLEY PLATT & SCHMIDT, LLP
                Attorneys for Defendant
                    By:  Matthew G. Parisi, Esq.
                One North Lexington Avenue
                White Plains, New York  10601

**CHIN, D.J.**

        On May 23, 2007, plaintiff Ada Alicea commenced this putative class action against defendant Circuit City Stores, Inc. ("Circuit City") in the Supreme Court of the State of New York, Bronx County. The putative class consists of Circuit City customers who were charged a 15 percent restocking fee for returning certain electronic products in opened or non-factory sealed boxes. The complaint charges that Circuit City's 15 percent restocking fee is a deceptive business practice in violation of N.Y. General Business Law ("GBL") § 349. Alicea also sues for unjust enrichment, breach of contract, and injunctive relief.

Circuit City removed the case to this Court under the Class Action Fairness Act of 2005 ("CAFA"). Alicea now moves to remand the action to state court on the sole ground that Circuit City failed to satisfy CAFA's $5,000,000 amount in controversy requirement. On September 10, 2007, Circuit City also moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, Alicea's motion for remand is granted, and, as a result, Circuit City's motion to dismiss is denied as moot.

## DISCUSSION

The only jurisdictional requirement at issue is whether Circuit City has met CAFA's amount in controversy requirement of $5,000,000. To demonstrate that the amount in controversy in this case exceeds $5,000,000, Circuit City disclosed under seal how much it has collected in restocking fees between June 2004 and June 2007. (Biggs Decl. ¶ 7). This amount comprises the compensatory damages that Alicea seeks in this case on behalf of the proposed class.

Circuit City then makes the following calculations to meet the $5,000,000 requirement: (1) it triples the compensatory damage amount because N.Y. GBL § 349(h) allows treble damages for willful or knowing violations, (2) it anticipates that attorneys' fees would amount to $500,000 to $1,000,000, and (3) it estimates that its costs of compliance with an injunction over a five-year period would be $1,875,000. (See Biggs Decl. Ex. A; Def. Mem. at

3-4). These costs add up to between $5.74 and $6.24 million. Alicea objects to Circuit City's inclusion of treble damages and attorneys' fees in the determination of the amount in controversy as well as its measurement of the costs of injunctive relief.

I agree with plaintiff that compensatory damages cannot be tripled in this case for purposes of determining the amount in controversy for two reasons. First, Alicea does not seek treble damages in her complaint. See United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994) (keeping with "the established view that 'plaintiff is the master of [its] claim' whose monetary demand is to be accorded deference"). Second, because Alicea is bringing a class claim under N.Y. GBL § 349(h), N.Y. Civil Procedure Law & Rules ("CPLR") 901(b) precludes Alicea from seeking treble damages. N.Y. CPLR 901(b) (McKinney 2006) ("an action to recover a penalty, or minimum measure of recovery created or imposed by statute[,] may not be maintained as a class action"); see Cox v. Microsoft Corp., 778 N.Y.S.2d 147, 148-49 (1st Dep't 2004) ("Inasmuch as plaintiffs in their amended complaint expressly seek only actual damages, . . . [Section] 901(b), which prohibits class actions for recovery of minimum or punitive damages, [is] inapplicable."); Ridge Meadows Homeowners' Ass'n v. Tara Dev. Co., 665 N.Y.S.2d 361, 361 (4th Dep't 1997) ("plaintiffs are barred by CPLR 901(b) from maintaining a class action for the minimum and treble damages imposed by section 349(h) of the General Business Law"). Because compensatory damages cannot be tripled, Circuit City cannot meet the $5,000,000 requirement.

Even assuming that attorneys' fees would amount to one million dollars -- defendant's highest estimate -- and adding Circuit City's five-year estimate of its costs of compliance with an injunction, the amount in controversy would only be approximately $4 million. Accordingly, this Court does not have subject matter jurisdiction under CAFA, and thus removal to this Court is improper.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for remand is granted, and defendant's motion to dismiss is denied as moot. The case is remanded to the Supreme Court of the State of New York, Bronx County.

Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Circuit City did not address this request in its memorandum of law in opposition to plaintiff's motion for remand. District courts have a "great deal of discretion and flexibility" in considering requests for attorneys' fees under § 1447(c). Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992). The test is whether the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Circuit City shall

respond to plaintiff's request for attorneys' fees within five (5) business days hereof.

    SO ORDERED.

Dated:    New York, New York
            January 22, 2008

                              DENNY CHIN
                              United States District Judge