IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ADA ALICEA, on behalf of herself        :
and all others similarly situated,        :
       :
                       Plaintiff,        :
v.        :    Case No.  07 Civ. 6123 (DC)
       :
CIRCUIT CITY STORES, INC.        :    **ECF CASE**
       :
                       Defendant.        :

-------------------------------------------------------------------x

## DEFENDANT CIRCUIT CITY STORES INC'S
## LEGAL MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

BLEAKELY PLATT & SCHMIDT, LLP
*Co-Counsel for Defendant Circuit City Stores, Inc*
One North Lexington Avenue
White Plaints, New York 10601

WILLIAMS MULLEN
A Professional Corporation
*Co-Counsel for Defendant Circuit City Stores, Inc.*
Two James Center
1021 East Cary Street (23219)
P.O. Box 1320
Richmond, VA  23218-1320

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................ ii

**PRELIMINARY STATEMENT** ................................................................................... 1

**BACKGROUND** .......................................................................................................... 2

**ARGUMENT**

**POINT I  CIRCUIT CITY POSSESSED AN OBJECTIVELY  REASONABLE BASIS FOR SEEKING REMOVAL** ............................................................. 4

**CONCLUSION** ........................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Agapov v. Negodaeva*, 93 F. Supp. 2d 481, 484 (S.D.N.Y. 2000)...................................... 5

*Bellido-Sullivan v. American Int'l Group, Inc.*, 123 F. Supp. 2d 161, 2000 WL 1738413, at *5 (S.D.N.Y. 2000) ................................................................................................ 5

*Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)............................................. 8

*DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271 (2nd Cir. 2006)........................ 6

*Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 212 (E.D.N.Y. 1998)........................ 5

*Koninklijke Philips Elecs v. Digital Works, Inc.*, 358 F. Supp. 2d 328, (S.D.N.Y. 2005).. 4

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005).................................................... 4

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 163 L. Ed. 2d 547 (2005) ...................... 4

*Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, (S.D.N.Y. 2006).......... 8

*Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917,  (2d Cir. 1992) ................................................................................................................................ 4

*Natoli v. First Reliance Std. Life Ins. Co.*, 2001 U.S. Dist. LEXIS 2137, 15-16 (S.D.N.Y. 2001) ..................................................................................................................... 5

*Rodgers v. Central Locating Service, Ltd.*  412 F.Supp.2d 1171, (W.D. Wash. 2006)...... 7

## PRELIMINARY STATEMENT

By January 22, 2008 Order, this Court granted plaintiff's motion to remand this matter to the Supreme Court of the State of New York (Bronx County) on the sole ground that the amount in controversy did not exceed the $5,000,000 jurisdictional limitation under the Class Action Fairness Act of 2005.  The Court also provided defendant Circuit City Stores, Inc. ("Circuit City") an opportunity to respond to plaintiff's request for attorneys' fees and costs pursuant to 28 USC 1447(c).   Accordingly, Circuit City submits this Memorandum in Opposition to plaintiff's application for fees and costs.

As set forth more fully below, Circuit City had an objectively reasonable basis for seeking removal.  For instance, at the time of removal, it objectively appeared that plaintiff sought a nationwide class of plaintiffs.  Circuit City first became aware of the geographical limits of plaintiff's claims upon the filing of the underlying motion to remand.

Further, the Court granted remand in partial reliance on Circuit City's five year estimates of its costs of compliance with the injunction requested by plaintiff.  However, the costs of compliance would continue in perpetuity.  If the Court had considered a greater than five year period, as Circuit City requested that it do in its supplemental submission,  the CAFA jurisdictional limits would have been met.  Finally, an objective review of the Complaint made it unclear whether plaintiff was seeking treble damages. Only in the plaintiff's motion to remand did it become clear that the plaintiff was not seeking treble damages, and a claim for treble damages would have caused the amount in controversy to exceed CAFA's jurisdictional limit.   Accordingly, it is respectfully submitted that the Court should deny plaintiff's application for attorneys' fees and costs.

## BACKGROUND

On or about May 23, 2007, Ada Alicea ("Plaintiff") commenced this putative class action against Circuit City by filing a Class Action Complaint ("Complaint") in the Supreme Court of the State of New York, County of Bronx. Plaintiff filed the Complaint on behalf of "tens of thousands of persons" who have been charged 15% restocking fees on purchased items returned to Circuit City since May 23, 2001. Compl. ¶¶ 25, 27. Plaintiff claims that Circuit City engaged in a deceptive business practice in violation of New York General Business Law Section 349. Plaintiff claims that she, and others similarly situated, where deceived when they purchased items that were subject to a 15% restocking fee despite the fact that, at the time of purchase, plaintiff was provided notice of Circuit City's return policy and the 15% restocking fee.[1]

The complaint states that the suit is brought "on behalf of a class of *all persons* who have been charged a 15% Restocking Fee upon returning a product purchased at Circuit City." Complaint, ¶ 6 (emphasis added); see also Complaint ¶25. Further, the complaint sets no geographical limit when it refers to Circuit City: "Circuit City owns and operates a chain of retail stores and on-line marketplace" (Complaint, ¶11), "Upon purchase of any merchandise at a Circuit City store" (Complaint, ¶ 12).

Plaintiff's first cause of action alleges a violation of New York State General Business Law § 349. Plaintiff alleges that Circuit City is liable for damages the class has suffered in an amount to be determined at trial. Complaint, ¶ 31, Prayer for Relief, ¶ 2.

---

[1]     Plaintiff acknowledges that she was provided a receipt which specifically set forth Circuit City's return policy, including that: (1) a "restocking fee" in the amount of 15% of the purchase price is imposed in the event certain enumerated items, which included the camcorder that she purchased, are returned opened or in a non-factory sealed box. ("Restocking Fee"); and, (2) The Restocking Fee applies only to the following products: digital cameras, camcorders, desktop PCs, notebook PCs, monitors, printers, scanners, projectors, PDA mobile video, GPS and radar detectors.

Plaintiff also seeks a *permanent* injunction enjoining Circuit City from charging a 15% Restocking Fee.  Complaint, ¶ 39.

Upon service of the complaint, Circuit City, in accordance with the 28 U.S.C. § 1446(b) 30 day time limit, promptly removed the matter to this Court. See Exhibit __.

On January 22, 2008, this Court granted plaintiff's motion to remand.  The Court held that treble damages could not be recovered, holding that Alicea did not seek treble damages in her complaint and that New York General Business Law precludes the recovery of treble damages.  January 22, 2008 Order, p. 2.  The Court then held that even assuming attorney's fees of one million dollars and "adding Circuit City's five year estimate of its costs of compliance with an injunction, the amount in controversy would only be approximately $4 million."  January 22, 2008 Order, p. 3.  By this calculation, the court determined that the amount in controversy fell approximately $1 million dollars short of the jurisdictional requirement.

**ARGUMENT**

**POINT I**

**CIRCUIT CITY POSSESSED AN OBJECTIVELY**

**REASONABLE BASIS FOR SEEKING REMOVAL**

In its Order, the Court correctly notes that District Courts have "a great deal of discretion and flexibility" in considering requests for attorneys' fees under [28 U.S.C. ] § 1447 (c).  See January 22, 2008 Order, p. 3, citing *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992).  The Court further held that "[t]he test is whether the removing party 'lacked an objectively reasonable basis for seeking removal.'"  See January 22, 2008 Order, p. 3, citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

It is equally well settled that, conversely, when an objectively reasonable basis for removal exists, the fee application should be denied.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 163 L. Ed. 2d 547 (2005).  Further, there is no presumption that fees will be awarded with a remand.  *Id*. at 136-37.

Southern District Courts, in applying this test, look to many factors.  For instance, in *Koninklijke Philips Elecs v. Digital Works, Inc.*, 358 F. Supp. 2d 328, (S.D.N.Y. 2005) Judge Conner concluded that an award of attorneys fees was not warranted where "the record fails to establish that defendant's removal of this action was 'merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessarily [sic] expenses.'  In addition, defendant did have at least a colorable basis for removal."  *Id*. at 335 (internal citations omitted).  Thus, the Court denied attorneys' fees because it did not believe

defendant's removal was frivolous or plainly unreasonable. *Id.*, citing *Agapov v. Negodaeva*, 93 F. Supp. 2d 481, 484 (S.D.N.Y. 2000).

Further, this Court has held that,

> in exercising their discretion, district courts look to whether the grounds for removal were "substantial or presented a close question," *Eastern States*, 11 F. Supp. 2d at 407, or "colorable," even if ultimately unpersuasive. *Bellido-Sullivan v. American Int'l Group, Inc.*, 123 F. Supp. 2d 161, 2000 WL 1738413, at *5 (S.D.N.Y. 2000) (denying award of fees and costs where basis for removal was "colorable"); see *Haggerty*, 79 F. Supp. 2d at 190 (denying fees where defendant "had no good reason to believe that its preemption argument would provide a basis for removal" but "the issues presented were otherwise matters of first impression"); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 212 (E.D.N.Y. 1998) (denying award of fees where basis for argument for removal was "colorable . . . despite the clear procedural bar of the removal statutes").

*Natoli v. First Reliance Std. Life Ins. Co.*, 2001 U.S. Dist. LEXIS 2137, 15-16 (S.D.N.Y. 2001). There, this Court denied attorneys' fees where defendant's arguments for removal were colorable, although ultimately incorrect. *Id.* at 16. As set forth below, a similar finding is warranted here.

First, at the time of removal, it objectively appeared that plaintiff's claims were not limited to New York State consumers. Rather, plaintiff's complaint can reasonably be interpreted as calling for a nationwide class of plaintiffs.

The complaint states that the suit is brought "on behalf of a class of *all persons* who have been charged a 15% Restocking Fee upon returning a product purchased at Circuit City." Complaint, ¶ 6 (emphasis added); see also Complaint ¶25. Further, the complaint sets no geographical limit when it refers to Circuit City: "Circuit City owns and operates a chain of retail stores and on-line marketplace" (Complaint, ¶11), and "Upon purchase of any merchandise at a Circuit City store" (Complaint, ¶ 12). As

Circuit City is a nationwide chain, and its return policy and restocking fees are implemented throughout the nation, it was reasonable to assume that plaintiff was seeking to establish a national class.

Similarly, the complaint refers to a class consisting of "tens of thousands of persons." Complaint, ¶ 25, 27. This estimate was sharply downgraded once plaintiff moved to return this case to the plaintiff favored venue of Bronx County. In fact, plaintiff's first indication that it sought only a New York class with limited members was when Circuit City received plaintiff's remand papers. Therein, plaintiff estimated a class of 20,000 members (Plaintiff's Supporting Memorandum, p. 11), the lowest number possible within the "tens of thousands of persons" estimate in plaintiff's complaint. A nationwide class would have well exceeded 20,000 members. Likewise, the damages claim for a nationwide class would far exceed CAFA's jurisdictional limit.

Further, the Court granted remand in partial reliance on Circuit City's five year estimate of its costs of compliance with the injunction requested by plaintiff. However, the costs of compliance would extend in perpetuity. If the Court had considered a greater than five year period, as Circuit City requested in its supplemental submission, CAFA's jurisdictional limits would have been easily met.

Case law upon which Circuit City reasonably relied, supports consideration of a greater than five year period for the costs of compliance. Circuit City acknowledges the rule in *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271 (2nd Cir. 2006) that the amount in controversy is *generally* measured by the value of the object of the litigation from the Plaintiff's standpoint. However, despite plaintiff's hyperbolic assertions to the contrary, *DiTolla* does not present an absolute bar to valuating a requested injunction

6

(i.e., the object of the litigation) from the standpoint of the defendant's cost of compliance.

In *DiTolla*, the Second Circuit addressed a request for an accounting to determine "*whether* Doral made improper deductions." *Id.* at 276 (emphasis in original). Thus, "the complaint [did] not even purport to suggest the value of, much less lay claim to, the [subject funds]. It [sought] only an accounting, the results of which [were] unknown. For that reason, no one [could] say how much money may be ultimately claimed by DiTolla." *Id.*

By contrast, the instant case concerns an attempt to enjoin Circuit City from collecting restocking fees, which fees have been quantified by Circuit City for the past three years. Thus, unlike the uncertainty surrounding the cost of an accounting in *Ditolla*, the cost of compliance with Plaintiff's requested injunction can be forecast with reasonable probability.

Moreover, Circuit City, in its initial submission to this Court, provided a five year forecast. As submitted in its supplemental submission, a ten-year forecast was also reasonable and supported by case law. *See, e.g.*, *Rodgers v. Central Locating Service, Ltd.* 412 F.Supp.2d 1171, 1180 (W.D. Wash. 2006) (removing defendant urged a ten-year time period for assessing the cost of an injunction; the court did not question the offered time period but found other "tenuous assumptions … not sufficient" to support defendant's proposed valuation).

Here, if a ten-year forecast had been considered, the amount in controversy limitation would have been easily met.

7

Further, it was unclear to defendant whether plaintiff was seeking treble damages. A claim for treble damages would have exceeded the jurisdictional limit. While the Court determined that the plaintiff's complaint did not seek treble damages, a fair reading of the complaint left open that possibility. In fact, plaintiff made no such concession until its reply papers. See Plaintiff's Reply Memorandum, p. 1-4.

It has been held that it is appropriate for a district court to recall CAFA's stated purpose, which is to "allow[] federal courts to hear more interstate class actions." *Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006). Accordingly, a removing defendant such as Circuit City asserting CAFA jurisdiction need only show "a *reasonable probability* that the aggregate claims of the plaintiff class are in excess of $5 Million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (quotations and citations omitted) (emphasis added).

Further, Circuit City's decision to remove should be viewed in the context of CAFA's legislative history, which makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. See, e.g., S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), id. at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), id. at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications

for interstate commerce and national policy."). While plaintiff disputes the weight to be given to CAFA's legislative history, it was certainly reasonable for Circuit City to consider it while determining whether to remove.

Simply stated, while Circuit City is happy to learn that plaintiff does not consider this to be a multi-million dollar case, it was objectively reasonable for Circuit City to believe that plaintiff was seeking in excess of the $5,000,000 threshold limit. In light of the pleadings at the time of removal, it was reasonable for Circuit City to believe that plaintiff was seeking in excess of five million dollars. Accordingly, Circuit City respectfully requests that the Court deny plaintiff's application for attorneys' fees.

**CONCLUSION**

In summary, plaintiff's claim for attorneys' fees should be rejected because their existed at the time of removal an objectively reasonable basis for Circuit City to remove this matter to Federal Court.

Respectfully submitted,

BLEAKELY PLATT & SCHMIDT, LLP

By:    /s_____
Matthew G. Parisi (MGP-2188)
*Co-Counsel for Defendant Circuit City Stores, Inc*
One North Lexington Avenue
White Plaints, New York 10601
Telephone: 914-949-2700
Facsimile: 914-683-6956

Williams Mullen
A Professional Corporation
Turner A. Broughton (TAB 6524)
Calvin W. Fowler (CWF 9384)
*Co-Counsel for Defendant Circuit City Stores, Inc.*
Two James Center
1021 East Cary Street (23219)
P.O. Box 1320
Richmond, VA 23218-1320
Telephone: 804-643-1991
Facsimile: 804-783-6507