Jeffrey I. Carton (JC-8296)
Jerome Noll (JN-7542)
John B. Dawson (JD-2709)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
(914) 517-5055
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,                          07 Civ. 6123 (DC)

                                                            **ECF CASE**

                              Plaintiff,

      -against-

CIRCUIT CITY STORES, INC.,

                              Defendant.
-------------------------------------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
Attorneys for Plaintiff Ada Alicea
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

## **PRELIMINARY STATEMENT**

Defendant Circuit City Stores, Inc.'s ("Circuit City" or "Defendant") assertion that it had an "objectively reasonable basis" for removing the instant case from the Supreme Court of New York (Bronx County) to this Court is unfounded. More troubling, however, is the fact that Defendant persisted in asserting the existence of federal subject matter jurisdiction <u>after</u> the purportedly "unclear" allegations in the complaint on which Defendant claims it relied in removing the action were clarified in representations from Plaintiff's counsel to this Court and to Defendant's counsel, including statements made to Defendant and this Court <u>within two weeks</u> of Defendant's improvident removal.

These representations made it abundantly clear to Defendant that it could not satisfy the $5 million jurisdictional threshold of the Class Action Fairness Act of 2005 ("CAFA"), and that it had no basis for continuing to assert federal jurisdiction over the parties' dispute. Nonetheless, Defendant's counsel insisted such a basis existed, and represented to the Court that Defendant would submit a sworn statement from one of Defendant's employees averring that Defendant had charged over $5 million in restocking fees in New York. The affidavit ultimately submitted by Defendant's employee, however, stated that Defendant had recovered <u>far less</u> than $5 million in fees in New York, and on January 22, 2008, this Court granted Plaintiff's motion to remand.

By refusing to consent to a remand of the action in July 2007, Defendant improvidently wasted the time and resources of this Court and of Plaintiff, and forced Plaintiff to: (1) file a motion for remand and a reply to Defendant's opposition, (2) send counsel to attend a pre-motion conference, and (3) file opposition papers to

Defendant's motion to dismiss the complaint. In light of Defendant's improper removal and unfounded intransigence, Plaintiff respectfully requests an award of attorneys' costs and fees incurred in this action pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

### I.

### DEFENDANT LACKED AN "OBJECTIVELY REASONABLE BASIS" FOR REMOVING THE ACTION TO THIS COURT

First, contrary to Defendant's contentions, Plaintiff's complaint does not state that it was brought on behalf of a nationwide class. In fact, the word "nationwide" does not even appear in the complaint. Moreover, nowhere in the complaint did the plaintiff state that she was seeking treble damages, or damages above the $5 million threshold for federal subject matter jurisdiction under CAFA. As Defendant conceded in its August 30, 2007 sur-reply letter to this Court, N.Y. C.P.L.R. § 901(b) precludes Plaintiff from seeking treble damages. Defendant's ignorance of the law in this regard does not excuse its insistence upon the assertion of federal jurisdiction by this Court.

Furthermore, Plaintiff's primary claim was for violation of New York General Business Law § 349 ("GBL § 349"), a statute that is expressly limited to "[d]eceptive acts or practices in the conduct of any business . . . in this state." GBL § 349 has no extraterritorial application, and is limited to conduct occurring in New York. See Goshen v. Mut. Life Ins. Co. of New York, 286 A.D.2d 229, 229-30, 730 N.Y.S.2d 46, 47-48 (1st Dep't 2001)(holding that GBL § 349 protections were not available to Florida plaintiff who purchased the subject insurance policy in Florida). The complaint alleged that, "Defendant's violations of General Business Law § 349 are applicable to all

members of the Class." (Cplt. ¶ 28). Thus, Defendant had further reason to know that the putative class on whose behalf the complaint was brought was limited to New York consumers. See id.

Second, even assuming, *arguendo*, that Defendant did possess an objectively reasonable basis for removal when it removed the action to this Court on June 29, 2007, that belief was no longer reasonable as of July 9, 2007, when Plaintiff's counsel sent a letter to this Court and Defendant's counsel, requesting a pre-motion conference for the purposes of filing a motion to remand. That letter expressly stated that Plaintiff Ada Alicea had brought her complaint on behalf of herself and "a putative class of New York consumers." Accordingly, within two weeks of removal, Plaintiff had provided Defendant with an unconditional representation that the action was limited to a statewide class. Because Defendant, and not Plaintiff, was solely in possession of information as to the precise amount of restocking fees collected by Defendant in New York, Defendant would have known by July 9, 2007 whether it could satisfy CAFA's $5 million amount-in-controversy requirement by calculating the restocking fees collected in New York and whether its basis for removal remained "objectively reasonable."

Despite this knowledge, at the August 10, 2007 pre-motion conference with Judge Chin, counsel for Defendant Circuit City Stores, Inc. ("Defendant") stated that Defendant would submit a sworn statement from one of Defendant's employees that would aver that Defendant charged over $5 million in restocking fees in New York. Plaintiff confirmed with the Court that if the statement proffered by the Defendant demonstrated the amount in controversy to be over CAFA's $5 million jurisdictional threshold, then Plaintiff would be receptive to withdrawing her motion for remand.

3

Defendant's assurances proved to be an empty promise. The Declaration of Dennis Mitchell Biggs (the "Biggs Decl."), one of Defendant's directors, confirmed that Defendant could not satisfy CAFA's $5 million amount-in-controversy requirement. Paragraph 7 of the Biggs Decl. indicated that Circuit City had collected <u>well below $5 million</u> in restocking fees in New York. Thus, although Defendant knew or had reason to know that this Court lacked subject matter jurisdiction to preside over this case, Defendant nonetheless compelled Plaintiff to prosecute her motion for remand.

<u>Third</u>, Defendant's remaining arguments relating to the reasonableness of its belief of the amount in controversy are wrong. Defendant's removal was premised upon grounds which, as discussed above, did not even present a "close question" under New York law with regard to the possibility of treble damages for purposes of calculating the amount in controversy. Moreover, Defendant concedes that <u>DiTolla v. Doral Dental IPA of New York, LLC</u>, 469 F.2d 271 (2d Cir. 2006) sets forth the rule in this circuit that the amount in controversy for a claim seeking injunctive relief is to be measured by the value of the object of the litigation from the plaintiff's perspective, not the defendant's. Defendant's assertion that <u>DiTolla</u> does not represent "an absolute bar" against valuations of a requested injunction from the standpoint of the defendant's cost of compliance is untenable, and Defendant does not cite to any case in this circuit that would support its argument. The "either party" rule for measuring the amount in controversy is not followed in the Second Circuit. <u>Correspondent Serv. Corp. v. JVW Investment, Ltd.</u>, No 99 Civ. 8934, 2004 WL 2181087, *11-12 (S.D.N.Y. Sept. 29, 2004)(Sweet, J.). Consequently, because of the prevailing rule in this circuit that cost of the injunctive relief had to be measured from Ms. Alicea's viewpoint, which is at most a

*de minimis* sum, Defendant did not have reasonable grounds for assuming that its cost of compliance, for any duration, would be included by the Court in determining the amount in controversy.

Fourth, an award of attorneys' fees and costs would be appropriate in this case. It is well settled that a plaintiff who ignores threshold jurisdictional requirements risks sanctions and "the displeasure of a district court whose authority has been improperly invoked." See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 597 (2004). In addition, the assessment of costs and fees against the removing defendant does not require a finding of bad faith or frivolity on the part of the removing defendant. Kuperstein v. Hoffman-La Roche, Inc., 457 F.Supp.2d 467, 472 (S.D.N.Y. 2006)(awarding plaintiff recovery of attorneys' fees and costs).

Title 28 U.S.C. § 1447(c) provides that: "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal" (emphasis added). Not only did Defendant's continuing assertion of federal jurisdiction force Plaintiff to research and brief its motion for remand, it also forced Plaintiff to research and brief opposition papers to Defendant's motion to dismiss the complaint filed in this case. Accordingly, Plaintiff seeks an award of attorneys' fees and costs incurred in this action from the date of removal through the present, including attorneys' fees and costs incurred in opposing Defendant's motion to dismiss. Plaintiff's counsel is prepared to submit its contemporaneous time records, memorializing the time counsel spent immediately upon the Court's direction to do so.

5

## **CONCLUSION**

For all the foregoing reasons, this Court should enter an order: (1) awarding Plaintiff her attorneys' fees and costs attendant to the removal of this action, including attorneys' fees and costs relating to Plaintiff's motion to remand and Plaintiff's opposition to Defendant's motion to dismiss the complaint, and directing her counsel to submit an affidavit of the costs and attorneys' fees incurred; and (2) awarding such other and further relief as the Court may deem just and proper.

Dated:   White Plains, New York
         February 1, 2008

>                                    MEISELMAN, DENLEA, PACKMAN,
>                                    CARTON & EBERZ, P.C.
>
>
>                                    By: /s/ Jeffrey I. Carton
>                                    Jeffrey I. Carton (JC-8296)
>                                    Jerome Noll (JN-7542)
>                                    John B. Dawson (JD-2709)
>                                    1311 Mamaroneck Avenue
>                                    White Plains, New York 10605
>                                    Tel: (914) 517-5000
>                                    Fax: (914) 517-5055
>
>                                    Attorneys for Plaintiff