USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2008

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
ADA ALICEA, on behalf of herself    :
and all others similarly situated,
                                    :
                Plaintiff,
                                    :      MEMORANDUM DECISION
        - against -
                                    :      07 Civ. 6123 (DC)
CIRCUIT CITY STORES, INC.,
                                    :
                Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x

APPEARANCES:    MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
                Attorneys for Plaintiffs
                    By:  Jeffrey I. Carton, Esq.
                         Jerome Noll, Esq.
                         John B. Dawson, Esq.
                1311 Mamaroneck Avenue
                White Plains, New York  10605

                BLEAKLEY PLATT & SCHMIDT, LLP
                Attorneys for Defendant
                    By:  Matthew G. Parisi, Esq.
                One North Lexington Avenue
                White Plains, New York  10601
```

**CHIN, D.J.**

On January 22, 2008, this Court granted plaintiff's motion to remand on the ground that when defendant Circuit City Stores, Inc. ("Circuit City") removed this case from state court, it failed to satisfy the $5 million amount-in-controversy requirement under the Class Action Fairness Act of 2005 ("CAFA"). Alicea v. Circuit City Stores, Inc., No. 07 Civ. 6123 (DC), 2008 WL 170388 (S.D.N.Y. Jan. 22, 2008). The Court also directed Circuit City to respond to plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). The facts and procedural history of this case are more fully set forth in the Court's January 22, 2008 decision, familiarity with which is assumed.

For the following reasons, plaintiff's motion for attorneys' fees is granted.

## DISCUSSION

### A. Applicable Law

Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts have a "great deal of discretion and flexibility" in considering requests for attorneys' fees under section 1447(c). Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992). The Supreme Court recently clarified the standard governing the application of section 1447(c) and held that the test is whether the removing party "lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In considering the award of fees, courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

### B. Application

Circuit City submits that it had a reasonably objective basis for removal for three reasons: (1) it was "unclear to defendant whether plaintiff was seeking treble damages" (Def.

Mem. at 8), (2) "at the time of removal, it objectively appeared that plaintiff's claims were not limited to New York State consumers" (id. at 5), and (3) "the costs of compliance would extend in perpetuity," and thus "CAFA's jurisdictional limits would have been easily met" (id. at 6).  I address these arguments in turn.

    1.    **Treble Damages**

In its January 22, 2008 decision, this Court held that Circuit City did not meet the $5 million jurisdictional threshold because plaintiff did not seek treble damages in her complaint, and because New York law clearly precluded treble damages for class actions brought under N.Y. General Business Law § 349. Circuit City nevertheless argues that "[o]nly in the plaintiff's motion to remand did it become clear that the plaintiff was not seeking treble damages, [which] would have caused the amount in controversy to exceed CAFA's jurisdictional limit."  (Def. Mem. at 1).

The complaint, however, is clear on its face that plaintiff was seeking only "the damages that [class members] have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus attorneys' fees." (Compl. ¶ 31; see also ¶ 6 ("This suit . . . seeks, inter alia, compensatory damages, including, but not limited to, a refund of the 15% fee charged to consumers; attorneys' fees; and the costs of this suit.")).  There is no mention of treble damages. Furthermore, to be entitled to treble damages, plaintiff would

-3-

have to show that Circuit City "willfully or knowingly violated" section 349. N.Y. Gen. Bus. Law § 349(h) (McKinney 2006). There is no allegation of willful or knowing violation in the complaint, and thus there was no indication that plaintiff was seeking treble damages.

Finally, New York law is clear that damages cannot be trebled in class actions in any event. Circuit City could have -- and should have -- determined this <u>before</u> it removed the action to federal court. <u>See</u> N.Y. C.P.L.R. 901(b) (McKinney 2006); <u>Cox v. Microsoft Corp.</u>, 778 N.Y.S.2d 147, 148-49 (1st Dep't 2004). In light of the wording of plaintiff's complaint and the law -- both of which were clear that plaintiff was not seeking and could not seek treble damages -- Circuit City did not have a reasonably objective basis to assume that plaintiff was seeking treble damages to reach the $5 million amount-in-controversy requirement.

2.  **A Nationwide Class**

Circuit City contends that "plaintiff's complaint can reasonably be interpreted as calling for a nationwide class of plaintiffs," in which case "the damages claim for a nationwide class would far exceed CAFA's jurisdictional limit." (Def. Mem. at 5, 6). Though a nationwide class action may involve an amount in controversy greater than $5 million, the complaint could not have been construed to involve a nationwide class action.

The complaint charges that Circuit City's 15 percent restocking fee is a deceptive business practice in violation of

N.Y. Gen. Bus. Law § 349. The complaint also alleges that Circuit City is "a corporation established under the laws of the State of Virginia, with its principal place of business located at . . . Richmond, Virginia." (Compl. ¶ 10). New York's consumer protection laws apply to Circuit City only to the extent that it conducts business in New York. N.Y. Gen. Bus. Law § 349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.") (emphasis added); Leider v. Ralfe, No. 01 Civ. 3137 (HB), 2004 WL 1773330, at *6 (S.D.N.Y. July 30, 2004) ("To prevail under [N.Y. General Business Law § 349], a plaintiff must establish that the . . . deceptive practices alleged took place in New York"); Goshen v. Mutual Life Ins. Co. of New York, 774 N.E.2d 1190, 1195 (N.Y. 2002) (holding that "that the transaction in which the consumer is deceived must occur in New York" to be actionable under N.Y. General Business Law § 349). Hence, section 349 does not protect out-of-state consumers from out-of-state deceptive business practices, and plaintiff could not have sought a nationwide class action against an out-of-state corporation based on New York law. Accordingly, Circuit City did not have a reasonably objective basis to believe that plaintiff was seeking a nationwide class action.

    3.    **The Cost of Compliance**

Circuit City's argument that CAFA's amount in controversy would have been met if "the Court had considered a greater than five year period" in calculating its costs of

compliance is neither factually nor legally tenable.  First, Circuit City did not take into account its compliance costs when it removed the action to this Court.  Circuit City's own removal petition belies any suggestion otherwise.  The removal petition specifically alleged that "the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate." (Pet. ¶ 8; see also ¶ 16).  Circuit City was clearly relying on aggregate class claims in its removal petition; it was not relying on costs of compliance either on a five-year plan, as it argued in its opposition papers to the motion to remand, or "in perpetuity," as it now argues.  (Def. Mem. at 1).  Circuit City cannot now claim that it had a bona fide basis for removal by adding its costs of compliance to the amount in controversy.

Second, Circuit City's post-removal argument that costs of compliance may be counted to meet the jurisdictional requirement also is not objectively reasonable because the Second Circuit had held, prior to the filing of this lawsuit, that the value of the claims is measured from the plaintiff's perspective. DiTolla v. Doral Dental IPA of New York, 469 F.3d 271 (2d Cir. 2006).  Circuit City argues that the holding in DiTolla, which relies on an earlier Second Circuit opinion, Kheel v. Port of New York Authority, 457 F.2d 46 (2d Cir. 1972), "does not present an absolute bar to valuating a requested injunction . . . from the standpoint of the defendant's cost of compliance."  (Def. Mem. at 6-7).  But Circuit City's interpretation of DiTolla is plainly incorrect in light of several opinions in this Circuit -- also

relying on Kheel -- that have held that "the amount in controversy for jurisdictional purposes should be measured strictly from the plaintiff's perspective, without regard to the amount at stake for any other party." Leyse v. Domino's Pizza LLC, No. 04 Civ. 2411 (HB), 2004 WL 1900328, at *3 (S.D.N.Y. Aug. 24, 2004), quoting 15 James Wm. Moore et al., Moore's Federal Practice, Civil § 102.109 (internal quotes omitted) (emphasis added); see also Correspondent Servs. Corp. v. JVW Inv., Ltd., No. 99 Civ. 8934 (RWS), 2004 WL 2181087, at *11 (S.D.N.Y. Sept. 29, 2004) ("the "either party" rule [for measuring the amount in controversy] is not followed in this circuit").

Third, in addition to case law, CAFA itself is clear that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

The declaration of Dennis Mitchell Biggs, attached to Circuit City's opposition memorandum, attests that aggregate compensatory damages were approximately $1 million. This investigation should have been conducted before Circuit City sought removal -- and before Circuit City made false, factual representations in its removal petition that aggregate damages exceeded $5 million. Not only were the facts and the law clear that removal was improper, but Circuit City could also have easily determined that removal was improper before making factual and legal representations otherwise. Accordingly, there was no objectively reasonable basis for the removal.

## CONCLUSION

For the reasons stated above, plaintiff's motion for attorneys' fees is granted. The Court is imposing fees not because Circuit City incorrectly removed this case. Rather, the Court is imposing fees because the removal was not objectively reasonable. If Circuit City had conducted a reasonable investigation of the facts, it would have been apparent, under well-settled law, that the amount in controversy did not exceed $5 million.

Plaintiff will be awarded her reasonable attorneys' fees and costs incurred in moving to remand this case to state court. Plaintiff shall make a fee application by submitting an affidavit that sets forth a lodestar calculation. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

SO ORDERED.

Dated:   New York, New York
         February 8, 2008

_____
DENNY CHIN
United States District Judge