Jeffrey I. Carton (JC-8296)
Jerome Noll (JN-7542)
John B. Dawson (JD-2709)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
(914) 517-5055
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ADA ALICEA, on behalf of herself
and all others similarly situated,                              07 Civ. 6123 (DC)

                                                                **ECF CASE**

                                            Plaintiff,          **AFFIDAVIT OF**
                                                                **JEFFREY I. CARTON**

                -against-

CIRCUIT CITY STORES, INC.,

                                            Defendant.
-----------------------------------------------------------------------X

        JEFFREY I. CARTON, ESQ., an attorney admitted to the practice of law in the

State of New York, affirms the following under the penalties of perjury:

        1.        I am a member of the law firm of MEISELMAN, DENLEA, PACKMAN,

CARTON & EBERZ P.C. ("MDPCE"), attorneys for plaintiff Ada Alicea ("Alicea") in the

above-captioned action.  I respectfully submit this Affidavit in support of our application

for an award of attorneys' fees and costs pursuant to the Court's February 8, 2008

Memorandum Decision.

        2.        MDPCE was retained by Alicea in May 2007 to prosecute this action

against Circuit City Stores, Inc. ("Circuit City"), on her individual behalf and on behalf of

a class of similarly situated persons. Alicea was the victim of Circuit City's unfair and

deceptive practice of charging a 15% "restocking fee" on the return of certain consumer

electronic products, despite the fact that the actual cost incurred by Circuit City to

restock any returned item is significantly less than 15% of the purchase price, and

notwithstanding that Defendant failed to provide Plaintiff or any other customer with

adequate notice regarding the restocking fee prior to her purchase. Alicea requested,

and MDPCE agreed, to initiate litigation against Circuit City in which she would serve as

a class representative for all others similarly situated.

      3.      MDPCE filed the instant action in the Supreme Court of the State of New

York, Bronx County, on or around May 23, 2007. On or around June 29, 2007, Circuit

City removed the action to this Court.

      4.      From July 2, 2007 through September 5, 2007, we researched, prepared,

filed and/or served the following:

- Letters to this Court, pursuant to Your Honor's individual rules of practice, requesting a pre-motion conference prior to the filing of Alicea's motion for remand, and seeking permission to file the motion for remand and explaining the grounds therefor;

- Plaintiff's Notice of Motion for Remand, Memorandum of Law in Support of Remand, Reply Memorandum, Affidavits of John B. Dawson and Jeffrey I. Carton, and Proposed Order; and

- A letter to this Court in response to Circuit City's sur-reply letter.

      5.      The hours that the attorneys and one paralegal involved in this action

worked, and the specific tasks completed in connection with the motion to remand, are

detailed in the statement that is attached hereto as Exhibit A. The entries contained in

this statement are based upon contemporaneous time entries that are made at the time

of the work performed, as it is our firm's practice and requirement that our attorneys and paralegals accurately and correctly record their time on a daily basis. The work detailed in this statement was timely and accurately recorded, and the time spent by the attorneys and paralegal was necessary and reasonable for the successful prosecution of this action, in particular the motion to remand.

6.      Set forth immediately below is a breakdown of the number of hours that our attorneys and one paralegal worked on this matter on behalf of Alicea, the hourly rate assigned for each, and the total amount of billings recorded (number of hours x hourly rate) assigned to each attorney and paralegal. I note for the Court that the hourly rates assigned for the attorneys and paralegal are the normal and customary hourly rates that our firm charges its clients, and that these rates are reasonable and customary in the New York metropolitan area:

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
| --- | --- | --- | --- |
| Jeffrey I. Carton | 7.00 | $425.00 | $2,975.00 |
| John B. Dawson | 75.10 | $350.00 | $26,285.00 |
| Jerome Z. Noll | 11.00 | $325.00 | $3,575.00 |
| Angela Sforza (paralegal) | 2.00 | $75.00 | $150.00 |
| TOTAL: | 95.10 | | $32,985.00 |

7.      As shown immediately above, the total value of the services rendered by our attorneys on behalf of Alicea in connection with the motion to remand is approximately $32,985.00. Adding that sum to the $749.51 in disbursements made by our firm in connection with Lexis and Westlaw charges incurred in conducting research for the motion to remand, the total amount of attorneys' fees and costs sought on this

3

application is $33,734.51.

8.    The attorneys that primarily worked on this matter on behalf of Alicea are competent and experienced, and possess the knowledge needed to prosecute complex class action lawsuits such as this, as detailed below:

9.    Jeffrey I. Carton: Mr. Carton graduated from Dartmouth College in 1988 and Columbia University Law School in 1991.. He is admitted to the New York and Connecticut state bars, as well as several federal district courts, and has successfully prosecuted class action lawsuits against, among others, Blue Cross/Blue Shield, CortiSlim, and The Gap/Old Navy.

10.    Jerome Z. Noll: Mr. Noll graduated from Brandeis University in 1991, and Benjamin N. Cardozo School of Law in 1994.  He is admitted to the New York state bar, as well as several federal district courts.

11.    John B. Dawson: Mr. Dawson graduated from Tufts University in 1993, and Benjamin N. Cardozo School of Law in 1998.  He is admitted to the New York, Connecticut, and California state bars, as well as several federal district courts.

4

12.     Furthermore, I submit that the attorneys' fees and costs as requested are adequately documented and are reasonable for the value of the services that MDPCE rendered on behalf of the class in moving for remand of this action to state court, and therefore request that the Court approve the fees and costs as we have applied for them.

Dated:     White Plains, New York
           February 12, 2008

                                    By: _____
                                            Jeffrey I. Carton

Sworn to before me this
*12* th day of February, 2008

_____
Notary Public

HELEN TROTTA
Notary Public, State of New York
No. 01-TR6049123
Qualified in Westchester County
Commission Expires October 10, 2010

00203813.WPD

5